Argued at Pendleton   October 28, affirmed December 3, 1918,
rehearing denied April 1, 1919.

## STATE *v.* CHIN BORKEY.

### (176 Pac. 195.)

**Homicide—Instructions—Conspiracy.**

1. In a prosecution for homicide where several joined in shooting
at deceased, an instruction that, if the killing was the result of a
conspiracy, all who participated were equally guilty, *held* proper in
view of the facts.

> [As to what constitutes conspiracy and evidence thereof, see
> note in 3 Am. St. Rep. 474.]

**Criminal Law—Instructions—Flight.**

2. In a prosecution for homicide, instructions that flight and con-
cealment could be considered on the question of guilt, but that flight
of itself was not sufficient evidence of guilt, etc., *held* correct when
considered together.

From Union: JOHN W. KNOWLES, Judge.

In Banc.

Chin Borkey was jointly indicted with Chin Ping,
Louie Moon, Chong Bing, Ah Sam and Ching Lem, by
the grand jury of Union County, charged with murder

in the second degree for the killing of William Eng on March 13, 1917. The same errors are relied upon as in the Chin Ping case, in which an opinion was rendered November 26, 1918, *ante*, p. 593 (176 Pac. 188). The question of venue, the refusal to discharge from the indictment his codefendants so that they could testify as witnesses in his behalf, the admission of plaintiff's exhibit number E–5 and the question of jurisdiction are all settled in the Chin Ping case adversely to this defendant. In the instant case the court gave the following instructions as to flight:

"13. I instruct you that flight and concealment, immediately after the commission of a crime is a circumstance which you may take into consideration in determining the guilt or innocence of the defendant; and if you find from the evidence, beyond a reasonable doubt, that immediately after the fatal shots were fired, which killed William Eng, the defendant fled and concealed himself in a pit under the floor of an outbuilding adjacent to the Chinese quarters, and I charge you that you are at liberty to consider this circumstance along with other evidence tending to connect the defendant with the commission of the crime.

"14. I instruct you, that if you find from the evidence that the defendant fled or concealed himself, soon after the death of the deceased, such flight or concealment, if any, is not, of itself, sufficient evidence of defendant's guilt, but only a circumstance to be taken into consideration by the jury with all the other circumstances in the case. You should consider along with all the other evidence in the case the pressure brought to bear upon the defendant by the others, if any, the fear or fright of defendant, if any, and all the other circumstances of the case, and unless you believe from all of the evidence beyond a reasonable doubt, that this defendant actually participated in the killing of William Eng, as charged in the indictment, you must find the defendant not guilty."

The indictment charges that the defendants, "did then and there, conspiring and acting together, feloniously, purposely and maliciously kill one William Eng, by then and there pursuant to such conspiracy shooting him, the said William Eng, with pistols loaded with powder and ball." The testimony shows that just prior to the shooting the defendant and Chin Ping were standing together in the immediate vicinity of the scene of the crime; that upon seeing Eng they at once separated and both of them began to shoot and continued to fire until Eng fell mortally wounded, when Chin Borkey ran across the street and disappeared in the Chinese buildings; that Chin Ping followed Eng and attempted to shoot him after he fell, then went away, returned and again snapped his empty revolver at Eng's head. Chin Ping then ran across the street to the Chinese buildings and disappeared within. The officers and citizens of the town immediately surrounded these buildings. The shooting took place at noon; about 5 o'clock P. M. of the same day Chin Borkey and Chin Ping with three of their codefendants were found beneath a trap-door, in a freshly dug pit underneath the bedroom at the rear of the Joss House.

Four revolvers were found in the pit, three of which were fully loaded and the other with all but one of the shells recently fired; also a mattress, quilts, a candle and some matches. The trap-door was on hinges and bolted from underneath. Over it was a carpet upon which had been placed a commode and a sewing-machine. An empty revolver which appeared to have been lately fired and very recently dropped there was found lying in the snow in the "shed" near the alley at the rear of the building beneath which the defendants were discovered. The caliber of the bullets which

had been fired from the two revolvers corresponded in size with the bullets which were extracted from the body of William Eng and the ankle of Mrs. George.

The court instructed the jury that there was not "sufficient evidence of a conspiracy between the defendant now on trial, Chin Borkey, and the defendants Chong Bing, Louie Moon, Ah Sam and Ching Lem, but under the evidence in this case if a conspiracy existed to do the acts charged in this indictment, it must have existed between the defendant now on trial, Chin Borkey, and Chin Ping," and after defining what constitutes a conspiracy gave the following instruction:

"In other words, if William Eng was purposely and maliciously shot and killed and the defendant Chin Borkey did the shooting, or if Chin Ping did the shooting and Chin Borkey was present, acting with Chin Ping in doing the shooting, or was aiding and abetting him therein, or if the shooting was the result of a conspiracy entered into between the defendant Chin Borkey and Chin Ping for the purpose of killing William Eng, then in either event the defendant Chin Borkey would be guilty of the crime charged in the indictment."

The giving of this instruction is assigned as error.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. Colon R. Eberhard.*

For the State there was a brief over the names of *Mr. John S. Hodgin,* District Attorney, *Mr. George M. Brown,* Attorney General, and *Messrs. Crawford & Eakin,* with oral arguments by *Mr. Hodgin, Mr. Brown* and *Mr. Thomas H. Crawford.*

JOHNS, J.—1. The testimony is undisputed that while running away William Eng received two shots in the back, either of which would have proved fatal; that at the time of the murder eight or ten shots were jointly fired by Chin Borkey and Chin Ping, and while there is no specific evidence that Chin Borkey fired either of the fatal shots, the fact remains that he opened fire and continued to shoot until Eng fell upon the sidewalk. It is also undisputed that one empty revolver recently fired was found in the "shed" and another recently fired revolver was found in the pit; that immediately after the shooting Chin Borkey and Chin Ping disappeared within the Chinese buildings and concealed themselves in the pit, which had the appearance of having been freshly dug and made ready for their hiding, where about five hours later they were found with their codefendants, and that the trap-door leading into the pit was bolted from underneath and was covered and concealed by a carpet upon which furniture had been placed. Under such a state of facts, we think that there was no error in giving the above instruction.

2. The defendant also complains of instructions 13 and 14, which were given by the court, and of the refusal to give his requested instruction number 8, which, as stated in the opinion in the Chin Ping case, is legally correct. Instruction 13 should be construed together with instruction 14 and when so construed would not mislead the jury or constitute prejudicial error. There are other assignments, which are apparently not relied upon by the defendant, but the instructions as a whole clearly state the law and the record shows that the defendant had a fair and impartial trial. The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

HARRIS, J., absent.