Argued July 5, affirmed September 7, 1960

STATE OF OREGON *v.* SUTTON

355 P. 2d 247

*Glenn D. Ramirez,* Klamath Falls, argued the cause and filed a brief for appellant.

*O. W. Goakey,* District Attorney, Klamath Falls, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan and Holman, Justices.

McALLISTER, C. J.

This is an appeal by the defendant, Frank G. Sutton, from his conviction of the crime of contributing to the delinquency of a minor. The sole issue presented is defendant's contention that the indictment was void because it was not returned within 60 days after he was held to answer for the crime.

On August 18, 1959, an information of felony was filed in the District Court for Klamath county charging Sutton with the crime of contributing to the delinquency of a minor. On August 21, 1959, Sutton appeared in the District Court, waived preliminary hearing and was bound over to the grand jury. On November 3, 1959, 77 days after he was held to answer for the crime, the grand jury returned an indictment against defendant on said charge.

On November 19, 1959, the defendant, relying on ORS 134.110, moved to dismiss the indictment on the ground that it had not been found within 60 days after he was held to answer for the crime. The

motion was denied and on November 23, 1959 the defendant, on the same ground, challenged the indictment by demurrer. The demurrer was overruled and on February 15, 1960, defendant was tried and convicted and later sentenced to serve not to exceed three years in the penitentiary.

Defendant relies entirely on ORS 134.110. That statute was amended in 1959 and we quote the statute as it appears in Oregon Laws 1959, ch 638, § 15, with the additions in italic type and the deletions in brackets.

"When a person has been held to answer for a crime, if an indictment is not found against him [at the next term of the court at which he is held to answer] *within 60 days after the person is held to answer,* the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown."

The effect of a dismissal of the charge under ORS 134.110 is controlled by ORS 134.140 which provides that a dismissal "is a bar to another prosecution for the same crime if the crime is a misdemeanor; but is not a bar if the crime charged is a felony."

We find it unnecessary to consider the contention of the state that there was good cause for the delay of 17 days in finding the indictment in this case. We think the defendant waived his right under ORS 134.110 by failing to move for a dismissal of the prosecution before the indictment was returned. *People v. Pearsall,* 165 NYS2d 932, 934, 6 Misc2d 40, 57; *Payne v. The State,* 109 Tex Cr Rep 287, 4 SW2d 53; and *State v. Lorenzy,* 59 Wash 308, 109 P 1064. See, also, *State v. Lambert,* 9 Nev 321; *Commonwealth v. Hauze,* 4 Pa D & C Rep2d 61; *People v. Ganger,* 97 Cal App 11, 217 P2d 41; and *United States v. Fassoulis* (1959), 179 F. Supp 645.

The problem posed by our case was considered by the Supreme Court of Washington in *State v. Lorenzy*, supra, involving a Washington statute① similar to ORS 134.110. We quote from the opinion in that case.

"The further point is made that, whereas defendant was arrested and incarcerated on July 2, 1909, and no information was filed within 30 days nor until 58 days thereafter, defendant should now be discharged, under section 2119, Rem. & Bal. Code. It must be remembered that the jurisdiction of the superior court to try persons charged with crimes does not depend upon the statute, nor is jurisdiction lost, except in case of a misdemeanor, where a dismissal results because of a failure to observe its provisions. An information was filed September 1st, on which day defendant moved his dismissal. We think the motion came too late to even put the state to a showing. The object of the statute was to insure prompt advisement of the charge and a speedy trial. The statute is not so much directed to time, as to the nature of the charge and notice to the defendant. If a defendant is content to pass the delay until after the information is filed, he is in no position to complain, for the object of the law is attained. These observations are consistent with the previous holding of this court. State v. Seright, 48 Wash. 307, 93 Pac. 521."

In *Payne v. State*, supra, it was held under a Texas statute similar to ORS 134.110 that the failure of the defendant to seek his discharge until after an indictment had been returned rendered the statute inapplicable. The court said:

"Appellant was arrested on the 4th day of January upon a warrant from the justice of the

---

① "When a person has been held to answer, if an indictment be not found or information filed against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." 1 Rem & Bal Code 1043, § 2119.

peace acting as magistrate. Examining trial was waived, and in default of bail appellant was confined in jail. The next term of the district court convened on the 24th day of January. That term of court adjourned on the 2d day of April without indictment having been returned against appellant, and no order of any kind was made relative to his case. Another term of court convened on the 24th day of April and the grand jury for that term returned the indictment upon which appellant was tried. Upon call of the case appellant filed a motion to dismiss the prosecution, invoking the application of article 576, C. C. P. 1925, which reads as follows:

" 'When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.'

"If appellant had sought discharge from custody upon adjournment of the first succeeding term of the district court after having been remanded by the magistrate, the provisions of article 576 would have been controlling, but it has no application after indictment is returned although by a grand jury at a subsequent term of court."

New York, since 1849, has had a statute identical to ORS 134.110 prior to its amendment in 1959. The current New York statute is section 667 of the Code of Criminal Procedure. In *People v. Pearsall*, supra, the Nassau county court recently passed on the very problem confronting us here. The court said:

"The defendant's application under section 667 is untimely made. This section is designed to com-

pel the District Attorney to move with dispatch in presenting a case to the Grand Jury once the prosecution has been commenced. Once the indictment has been found, however, section 667 is no longer available to the defendant since the injustice which the section is designed to remedy has been purged by the finding of the indictment."

ORS 134.110 is designed to insure that a person charged with crime is promptly indicted, but is not designed to bar the ultimate prosecution of a person charged with a felony. If the delay in the return of the indictment in this case was without good cause, a motion to dismiss by defendant, if presented prior to indictment, would have gained his release from custody until an indictment was found. If the defendant had been admitted to bail, the motion to dismiss would have resulted in the exoneration of his bail until indictment was found. ORS 134.110 gave Sutton the right, after the expiration of 60 days, to demand his indictment or release from custody. Once a felony indictment is found, the purpose of the statute is accomplished.

The judgment is affirmed.