Argued April 10, affirmed June 27, 1962

# STATE OF OREGON *v.* BROWN

372 P. 2d 779

*Robert C. Snashall,* Portland, argued the cause and filed a brief for appellant.

*Julian Herndon, Jr.,* Deputy District Attorney for Multnomah County, argued the cause for respondent. With him on the brief were Charles E. Raymond, District Attorney, and Desmond D. Connall, Deputy District Attorney, for Multnomah County.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY and GOODWIN, Justices.

PERRY, J.

The defendant was convicted of the crime of assault and robbery while armed with a dangerous weapon, and appeals.

The evidence is to the effect that the defendant, with another, on July 30, 1960, and while armed with an automatic pistol, held up and robbed a restaurant located on S. W. Barbur Boulevard in Portland. The following statement of facts is taken from defendant's brief:

> "On the evening of July 31, the day following the robbery, defendant was arrested by city of Portland police, for violation of a city ordinance prohibiting 'defective mufflers,' was booked into the city jail on the charge and his automobile impounded. In the car as passengers at the time of his arrest, were Pohrman, Wills, Hildenbrand and Loughlin. A search of the vehicle by police officers produced six suitcases subsequently identified as the property of the automobile passengers. One of

these suitcases, not identified as belonging to defendant, contained an automatic pistol and a quantity of marijuana. There was no evidence tending to show that the defendant knew of the existence of the marijuana * * *. The next morning, the defendant was released by city of Portland municipal court upon the payment of an imposed $2 fine.

"Defendant, upon his release from the city jail, proceeded to a local hotel where he was met by Hildenbrand and later joined by Judith Will. The three stayed at the hotel until about 11 P.M. that evening, then traveled to Kelso, Washington, where by prearrangement they were to meet and did meet Loughlin and Pohrman. From Kelso, the five proceeded to Seattle, Washington, where they remained approximately four days, after which they proceeded to Lake Chelan, Washington, where they remained for some two days. At Lake Chelan, Loughlin and Pohrman left the other three and presumably headed east. The defendant, Hildenbrand and Will then went to Cashmere, Washington, where Hildenbrand and defendant were arrested by local authorities on a local charge August 7 and held by Washington authorities until their return to Portland on the instant charge August 12, 1960."

There was testimony given by Judith Wills that she had been with the defendant prior to the alleged robbery and defendant had an automatic pistol in his possession.

The defendant's assignment of error is that the trial court should, of its own motion, have limited the evidence which deals with the defendant leaving the state after the crime, because he left with a 16-year-old girl, and at various times appropriated motor vehicles of others in his travels. The basis of the objection is that this evidence tended to show the defendant guilty of the commission of other crimes for which

he was not on trial "rendering it easier for the jury to reach a verdict of guilty." *State of Oregon v. Long,* 195 Or 81, 244 P2d 1033.

■■ The purpose of the evidence adduced by the state was to show, after the commission of the crime, flight, concealment, and use of a false name. These facts, if established, are admissible as evidence of a guilty conscience, which is some evidence of guilt. *State v. Henderson,* 182 Or 147, 184 P2d 392. It is, of course, the general rule that in the trial of a criminal case, evidence that the defendant committed independent and unrelated crimes is inadmissible. *State v. Gardner,* 225 Or 376, 358 P2d 557. There are, however, clear exceptions to this general rule. *State v. Dennis,* 177 Or 73, 159 P2d 838, 161 P2d 670; *State v. Sullivan,* 139 Or 640, 11 P2d 1054.

■ An exception is found in the conduct of a defendant in resisting arrest or attempting to escape. 1 Wharton's Criminal Evidence, 12th ed, § 244, page 562; *People v. Gambino,* 12 Ill2d 29, 145 NE2d 42. The reason for this exception is quite clear. As above stated, evidence of flight and concealment are relevant in a criminal case. It is an untenable thought that a defendant, by committing other crimes in effectuating his purpose, can prevent the establishment of relevant facts in issue in the case.

■ The defendant's second assignment of error is that the trial court did not in its instructions on flight "advise the jury to consider the defendant's theory" thereon. The defendant was represented by counsel and made no request for a concrete instruction which would set forth defendant's explanation for his leaving the jurisdiction of the state, nor was any objection made to the abstract instruction on flight which was

given. The abstract instruction given properly stated the law. Had the defendant desired a concrete instruction, it was of course his duty to make such a request, and having failed, this matter will not be considered on appeal.

We have examined the entire record and reach the conclusion that the defendant had a fair trial.

The judgment is affirmed.