Argued September 15, reversed and remanded September 29, 1965

# STATE OF OREGON v. BONNER

406 P. 2d 160

*George A. Haslett, Jr.,* Portland, argued the cause and filed the brief for appellant.

*George Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Lewis B. Hampton, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and SLOAN, DENECKE, HOLMAN and LUSK, Justices.

HOLMAN, J.

The defendant was found guilty of the crime of assault and battery while unarmed by means of force likely to produce great bodily injury. He has appealed from the judgment of conviction.

There was evidence that indicated the following occurred. Defendant, together with a friend, went to a Mr. Handy's room in a Portland hotel to remonstrate with Handy concerning his telephone call to two young ladies. They abused Mr. Handy and he called for help. The occupant of the adjacent room, Mr. LeRoux, came to see what was occurring. Upon entering the room, he was attacked by defendant who knocked him to the floor with his fists and then kicked him six or seven times. LeRoux had three teeth knocked out and two broken ribs as a result. The assault and battery charge against defendant was for the alleged assault upon LeRoux.

The defendant charges as error the giving of the following instruction.

> "No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but the fact that the defendant was intoxicated, if you find he was intoxicated, may be considered in determining his purpose, motives, or intent."

■ There was no evidence the defendant was intoxicated or that he had consumed alcoholic beverages of any kind. It was error to give the instruction. The jury could have assumed that evidence had been given of the kind to which the instruction was applicable. *State v. Weston,* 155 Or 556, 581, 64 P2d 536.

The defendant also charges as error the court's giving of the following instruction:

> "Flight and concealment, if any, immediately after the commission of a crime, is a circumstance, which you may take into consideration in determining the guilt or innocence of a defendant. Such flight or concealment if any, is not of itself sufficient evidence of the defendant's guilt, but it is only

a circumstance to be taken into consideration by the jury, along with all the other circumstances in the case."

■ There was no evidence of flight or concealment sufficient to justify such an instruction. The only testimony that even approached evidence of flight was Handy's account of defendant leaving his room after the occurrence. It was as follows:

"Q What took place then?
"A Then Vic Myers and the defendant beats it out of the room."

There was nothing to indicate an imminent apprehension which defendant was attempting to evade. There was nothing in the evidence indicating concealment of any kind at any time. The giving of the instruction was error because the jury could have assumed from the instruction that evidence had been given of flight and concealment.

The defendant also claims the court erred in the giving of the following instruction:

"False and contradictory statements made by a defendant, if any, are circumstances which may be taken into consideration by you in determinning the guilt or innocence of a defendant."

In addition to the above instruction, the court also gave the following general statutory instruction relative to the same matter:

"A witness shown to be false in one part of his or her testimony is to be distrusted in others. Therefore, if you find that any witness has wilfully sworn falsely in any part of his or her testimony, you have a right to distrust the other portions thereof."

■■ The challenged instruction was erroneous and violated ORS 17.250(3) in two respects. It stated that

false statements of the defendant could be taken into consideration in determining whether he was guilty or innocent instead of whether he was telling the truth in the rest of his testimony, as the statute provides. Also, it included contradictory statements instead of limiting itself, as required by statute, to false statements. The language of the statute has been construed as not meaning a mistaken witness or one who is confused or hazy in recollection but rather one who intentionally disregards the truth. *Simpson v. Miller,* 57 Or 61, 110 P 485; *Ireland v. Mitchell,* 226 Or 286, 359 P2d 894. In addition, it was not proper to single out defendant and give an instruction covering false statements as to him alone. It amounted to a comment on the evidence. A general instruction covering the matter was properly given as to all witnesses.

■ By themselves, none of the above errors might be considered prejudicial. However, it is impossible to say that all three together were not. The case must be reversed and remanded for retrial.

■ Because of the possibility of retrial, the court should consider one other of defendant's contentions. He claims the statute in question, ORS 163.255, is not applicable to situations where force is exerted only by portions of the body such as fists or feet. He says it was intended to apply only to those situations where an object was used which would not be considered a dangerous weapon under ORS 163.250 or a deadly weapon under ORS 163.240. Defendant's contention is not well taken. The determining factor in deciding whether the statute is applicable is the amount of force that was used. *State v. Popiel,* 216 Or 140, 337 P2d 303. Whether the requisite degree of force was used to

come within the purview of the statute was a question for the jury under proper instructions.

The judgment of conviction is reversed and the cause remanded for a new trial.