Argued March 7, affirmed May 16, 1969

# STATE OF OREGON, *Respondent, v.*
# HAROLD JEFFERSON STOOKEY,
*Appellant.*

454 P2d 267

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause and filed a brief for appellant.

*Fred A. Hartstrom,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was John B. Leahy, District Attorney, Eugene.

Before McAllister, Presiding Justice, and O'Connell and Denecke, Justices.

PER CURIAM.

The defendant was convicted of forcible rape and appeals.

The defendant took the victim and her sister, Rita, the defendant's ex-wife, against their will, in his car out into the woods where he had intercourse with the victim. Thereafter the victim and her sister escaped. About a week after the act the victim's sister received a letter from the defendant. The sole assignment of error is the trial court's ruling that this letter was admissible.

The letter reads as follows:

"Dear Rita,

"Rita I guess you know that my mind is gone. I have been trying to get ahold of you to take me to a Doc. But I haven't seen you. But ontill [sic] I see & talk [to] you I won't give my self up and no matter how long you hide I will get to you in time. I know where you are and was there. I could have shot the hell out of the lot of you more than ones [sic] so don't ever think I can't get to you before the cops get me and I will if it comes to that. I don't want that to happen. I want you to take me to a Doc and I'll turn my self in if you want to help and get me out of the way that will be the only way you can do it.

"/s/ Harold"

██ The letter was admissible. The inference can be drawn from the letter that the defendant was hiding from the police. This is similar to evidence of flight which is relevant evidence. *State v. Henderson,* 182 Or 147, 196, 184 P2d 392, 186 P2d 519 (1947).

There was no evidence of any other possible criminal conduct for which the defendant was seeking to avoid arrest. The evidence is not rendered inadmissible because it contains other matters prejudicial to the defendant, such as his threats against his ex-wife. *State v. Brown,* 231 Or 297, 300, 372 P2d 779 (1962).

Affirmed.