Argued January 26, affirmed April 23, petition for rehearing
denied May 19, 1970. Petition for review denied
by Supreme Court July 8, 1970

STATE OF OREGON, *Respondent, v.*
JAMES CHARLES McINTIRE,
*Appellant.*
468 P2d 536

*Kenneth C. Hadley, Jr.,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

The defendant was indicted, together with the widow of the victim, for the crime of murder in the first degree. He was convicted thereof by a jury in a separate trial, and appeals, asserting four assignments of error.

## ASSIGNMENT OF ERROR NO. 1

The first arises out of an in-custody identification conducted at the jail at which he was identified by witnesses who also subsequently identified him during the trial.

Defendant claims that he should have been allowed to talk to his attorney before the lineup and to have his attorney present thereat.

Although the brief implies defendant requested and was denied this right prior to the lineup, our attention is directed to no testimony, nor have we found any, in the transcript which supports this claim.

We note, however, that the challenged lineup was held on May 2, 1967. On June 12, 1967, *United States v. Wade,* 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967), and *Gilbert v. California,* 388 US 263, 87 S Ct 1951, 18 L Ed 2d 1178 (1967), were decided. These, of course, hold that a defendant's Sixth and Fourteenth Amendment right to counsel includes the right to his presence at a pretrial in-custody lineup. *Stovall v. Denno,* 388 US 293, 87 S Ct 1967, 18 L Ed 2d 1199 (1967), decided the same day, however, expressly restricted the application of the *Wade-Gilbert* rule to lineups held after that date, even though the trial of a defendant was held after June 12, 1967.

Because of the age of the defendant, who was 17 at the time of trial, and the nature of the charge, we have, however, reviewed the lineup procedure and the identification evidence resulting therefrom as well as the in-court identification of the defendant by the witnesses in attendance at the lineup.

In considering the question of possible unfairness in the lineup procedure we have examined its factual

background in the light of the tests set forth by this court in *State v. Mershon,* 1 Or App 305, 459 P2d 551 (1969), Rev den (Or S Ct February 1, 1970). We find nothing in the testimony nor is our attention directed to anything which could support a conclusion that the lineup procedure was unfair or improper.

## ASSIGNMENT OF ERROR NO. 2

■ A second assignment contends that it was error for a policeman present at the lineup to testify at trial that the defendant was there identified by two witnesses, because such testimony was hearsay. *State v. Thompson,* 228 Or 496, 364 P2d 783 (1961). Defendant concedes, however, that no objection was made by him to this testimony. We note the officer did not testify concerning this matter until some time after each of the witnesses in question had themselves testified at the trial that each had identified the defendant at the lineup and that the defendant present in the courtroom was the person each had seen at the time and place in question.

In *State v. Nunes,* 251 Or 49, 444 P2d 542 (1968), the court considered a similar situation. It said at 52-53:

"In the instant case, also, a police officer, Detective Son, testified that the victim identified a photograph of the defendant as the man who had robbed him. The defendant urges in his brief that this was hearsay and prejudicial. We will not consider it, however, for the following reasons: (1) he did not object to it at the trial, (2) he did not make it an assignment of error, and (3) the defendant had previously elicited the identical testimony on cross-examination of the victim. The receipt of incompetent evidence is not prejudicial error where the fact sought to be proved is fully

and clearly established by other competent evidence. 5A CJS, 1012, Appeal and Error § 1731; *State v. Lanegan,* supra."

The assignment is without merit, both because it was not objected to and because "the fact sought to be proved" here was "fully and clearly established by other competent evidence."

## ASSIGNMENT OF ERROR NO. 3

During its case-in-chief the state called a witness, Mrs. Rena Moore, who lived next door to defendant and his mother. She had known them as a friend for four years. She was also acquainted with the co-defendant, Sharon Cafarelli.

In the course of her direct examination the following occurred:

"I refer you to another time and I would ask you whether or not you were ever in the presence of this defendant—of this defendant and Mrs. Cafarelli while this defendant and Mrs. Cafarelli were in the kitchen of the McIntire house.

"A. Yes.

"Q. Do you recall about when that was?

"A. It was shortly after he had gotten out of MacLaren—

"MR. KERRIGAN: I would have a motion to place before the Court at this juncture.

"THE COURT: Ladies and gentlemen of the jury, the Court will excuse you for a few moments while I hear this motion.

"(Whereupon, the following proceedings in the courtroom without the presence of the jury:)

"MR. KERRIGAN: If it please the Court, our objection is based on the question that this—the

basis that this is prejudicial testimony. The logical inference to be drawn by any person hearing 'Mac-Laren School' is that this person had been incarcerated for a time.

"THE COURT: That's the ground of your objection?

"MR. KERRIGAN: That's the ground of the objection."

The court overruled the objection on the ground that the challenged testimony came "out inadvertently without being solicited unfairly by Counsel for the State." No further objection or motion relative to the matter was made by the defendant. The jury returned and the witness continued and concluded her testimony as follows:

"MR. CONNALL: Q. All right. Now, Mrs. Moore, within a—within what time period, generally was it that you were present and observed this conversation between this defendant and Mrs. Cafarelli which took place in the McIntire kitchen? About when was it?

"A. Last fall.

"Q. Last fall?
"A. Uh-huh.

"Q. All right. Can you give us a month?
"A. Probably about September. The weather was good. It was sunny, pleasant out.

"Q. All right. Now, tell this Court and jury exactly what happened, will you?
"A. I was sitting at Mrs. Bessie's table having a cup of coffee with her and Jim was in the kitchen with his back against the sink when Mrs. Cafarelli came in and she said, 'Kiss me,' and he said, 'Why?' and she said, 'Because I'm a girl and you're a boy.'

"Q. What happened then?
"A. He didn't kiss her and I went home."

Defendant urges that the reference to "MacLaren" was prejudicial. He further contends that the court should, on its own motion, have stricken the remark and instructed the jury to disregard it, despite the fact that the defendant made no such motion.

While the answer of the witness may not, as the state here concedes, have been responsive to the question, it does not follow that it was prejudicial, and thus improper.

In *State v. McLean*, 1 Or App 147, 459 P2d 559 (1969), aff'd 90 Adv Sh 1035, — Or —, 468 P2d 521 (1970), this court said:

"* * * It is not every error which will justify a reversal—only such error as is found to have been prejudicial to a substantial right of the defendant. ORS 138.230; Amended Art VII, § 3, Oregon Constitution. In making this determination we look to the entire record. *State of Oregon v. Cahill*, 208 Or 538, 575, 293 P2d 169, 298 P2d 214, cert. den. 352 US 895 (1956); *State of Oregon v. Bailey*, 208 Or 321, 343, 300 P2d 975, 301 P2d 545 (1956); *State of Oregon v. Story*, 208 Or 441, 446, 301 P2d 1043 (1956)." 1 Or App 150-51.

■ We agree with the trial court that under the above circumstances, reference to "MacLaren" was not "prejudicial to a substantial right of the defendant." Nor certainly was it of such a nature that the court, in the absence of a direct request from the defendant, on its own motion should have in effect further emphasized the improper remark by ordering it stricken and instructing the jury to disregard it.

## ASSIGNMENT OF ERROR NO. 4

Finally, defendant charges that the court erred in permitting testimony of a second escape by the de-

fendant while in custody on this charge as evidence of his guilt.

■. It is well established that evidence of flight or escape is admissible as evidence of guilty knowledge. *State v. Barnes,* 47 Or 592, 85 P 998, 7 LRA(ns) 181 (1906); *State v. Brown,* 231 Or 297, 300, 372 P2d 779 (1962); *State v. Henderson,* 182 Or 147, 196, 184 P2d 392, 186 P2d 519 (1947).

The defendant concedes that it is proper to show an escape as evidence of guilty knowledge, but to show a second independent escape is "cumulative and prejudicial."

■ As the state points out in its brief, a defendant does not, by making a prior escape, render his second escape less relevant.

The state has the right to prove the charge by competent evidence. The evidence was clearly competent. There is no merit in the contention that proof of a second escape is cumulative.

The judgment is affirmed.