Argued November 27, 1972, affirmed January 5, petition for
rehearing denied January 31, petition for
review denied April 10, 1973

STATE OF OREGON, *Respondent, v.* MICHAEL
JOHN WRIGHT (No. C-54712), *Appellant.*

504 P2d 1065

*George A. Haslett, Jr.,* Portland, argued the cause and filed the brief for appellant.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Carlos Mendoza was found dead, shot six times in the head, in a stolen car parked in a deserted area of Portland April 25, 1968. Defendant has been convicted by a jury of first-degree murder, former ORS 163.010, for committing the crime. In appealing he lists five assignments of error. The same homicide was involved in *State v. Capitan,* 8 Or App 582, 494 P2d 443, Sup Ct *review denied* (1972).

*(1).. Sufficiency of the Circumstantial Evidence.*

■ We review the evidence in the light most favorable to the state. *State v. Long,* 243 Or 561, 415 P2d 171 (1966); *State v. Shipman,* 2 Or App 359, 468 P2d 921 (1970). Since the defendant produced evidence after making his first motion for acquittal, we consider all the evidence presented to the jury and not just that presented initially by the state. *State v. Gardner,* 231 Or 193, 195, 372 P2d 783 (1962).

■ What is the proper test to be applied in reviewing a case where the state relies on circumstantial evidence? In *State v. Mitchell,* 8 Or App 613, 495 P2d 780 (1972), this court referred to the language of *State v. Dennis,* 177 Or 73, 77, 159 P2d 838, 161 P2d 670 (1945), to the effect that where the state relies on circumstantial evidence to prove an essential element of the offense, the evidence

"'* * * must not merely coincide with, render *probable,* and be consistent with, the guilt of the accused, *but it must be inconsistent with any reasonable theory of his innocence and incapable of explanation upon any other rational hypothesis than that of guilt* * * *,' State v. Dennis,* 177 Or 73, 77, 159 P2d 838, 161 P2d 670 (1945). (Emphasis supplied.)" 8 Or App 616-17.

In *State v. Zauner,* 250 Or 105, 110, 441 P2d 85 (1968), the court in discussing the holding of *State v. Dennis,* supra, said:

"In the application of such rule the jury, of course, is the final arbiter of all conflicts in the evidence. The jury is also entitled to draw all reasonable inferences that are capable of being made from the circumstantial evidence. The trial court, and this court, have the difficult task of determining whether the inferences that can be drawn are sufficiently reasonable so as to amount

to evidence proving each material element of the crime beyond a reasonable doubt."

The difference between the two standards seems to center around the requirement that the circumstantial evidence "must be inconsistent with any reasonable theory * * * of innocence." However, this language is just another way of elaborating what is meant by "reasonable doubt." This court in *State v. Jefferson,* 9 Or App 314, 319-20, 496 P2d 35 (1972), said:

> "In our review we do not weigh the evidence nor make judgments on credibility, nor are we concerned with conflicts in testimony. Our purpose is to determine whether the inferences which may be drawn from the evidence are sufficiently reasonable to support a jury verdict. The test set forth in *State v. Zauner,* supra, is this: Where the evidence is entirely circumstantial, would a reasonable person, based upon all the evidence adduced in the case, be warranted in finding beyond a reasonable doubt that the defendant committed the offense charged?"

There is nothing really inconsistent between these two enunciated standards. *Jefferson* states our standard of review.

The defendant on appeal urges that the evidence was not of the quality required to support the jury's verdict. We do not here attempt to weigh the quality of the evidence. We merely look to see if there is enough evidence that the jury could as reasonable persons have believed beyond a reasonable doubt that the defendant was guilty.

■ There was evidence before the jury that supports the conviction of the defendant. There was testi-

mony, by way of an admission against interest, that on the night of the murder the defendant said he had shot Mendoza five to eight times. This is enough to support a conviction.

### (2). *Admission of Victim's Hearsay Statements.*

■ The defendant's second assignment of error is that the trial court erred in allowing, over objection on grounds of hearsay and relevancy, Mrs. Mendoza to testify to what her husband had said to her when he returned from talking on the telephone shortly before he left his home on the night he was murdered. The court ruled that it was admissible to show the state of mind of the deceased. This was correct under the holding of *State v. Farnam,* 82 Or 211, 252, 161 P 417, 18A Ann Cas 318 (1916), as followed in *State v. Shirley,* 7 Or App 166, 488 P2d 1401 (1971), Sup Ct *review denied* (1972). We agree that the testimony is of questionable relevance. But we do not find that the testimony was prejudicial. It concerned what Mr. Capitan, the caller, had said. There was no attempt by the state at proof of a conspiracy between Capitan and defendant in this case. However, we nevertheless think that the testimony was of sufficient relevance so that its admission by the trial court was not an abuse of discretion.

### (3). *Prosecutor's Comments on Failure of Defendant to Call a Witness.*

■ There were two instances when the prosecutor commented upon the defendant's failure to call Capitan as a witness to support his alibi defense. Defendant had testified that he was with Capitan at the time of the homicide. This assignment is controlled by the

holding in *State v. Goodin,* 8 Or App 15, 23, 492 P2d 287 (1971), Sup Ct *review denied* (1972). The prosecutor may comment on the defendant's failure to call a witness other than the defendant. *State v. Goodin,* supra; *State v. Lincoln,* 250 Or 426, 443 P2d 178 (1968).

### (4). *Flight and Concealment.*

■ The court instructed the jury concerning the effect to be given evidence about flight and concealment. The fact that the defendant sought to explain his apparent flight, some six months after the homicide, by showing a legitimate motive for his actions does not prevent the jury from being instructed on the weight to be given evidence of his flight if they found in fact that he had been fleeing. Unlike the situation in *State v. Bonner,* 241 Or 404, 406 P2d 160 (1965), relied upon by defendant, there was evidence upon which the jury could base a belief that defendant thought "that the heat was on" when he left.

### (5). *Alleged Jury Misconduct.*

The trial court refused to grant the defendant's motion for a new trial based on allegations of jury misconduct. A reading of the transcript of the hearing conducted by the trial judge on this motion reveals that there was no coercion of, or misconduct by, the members of the jury.

We find no error and the defendant's conviction is affirmed.