Argued January 21, submitted on briefs February 16, affirmed March 21, reconsideration denied April 15, petition for review allowed May 17, 1977

STATE OF OREGON, *Respondent,*
*v.*
DANIEL DEVIN McCORMICK, *Appellant.*
(No. C 76-03-03248, CA 6642)
561 P2d 665

Phillip M. Margolin, Portland, argued the cause for appellant. With him on the brief was Nash & Margolin, Portland.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

RICHARDSON, J.

Schwab, C. J., dissenting opinion.

**RICHARDSON, J.**

Defendant appeals from his conviction by a jury of criminal mischief in the second degree. ORS 164.354. Defendant contends that the trial judge erred in not giving a requested instruction on flight and in not dismissing the information brought against him.

On the evening of March 3, 1976, defendant and one John Harder were present at a party held in an apartment on the third floor of an apartment building. According to Harder, during the course of the evening each consumed about two gallons of beer. At about 4 a.m. on March 4, 1976, a fire was lit under an automatic sprinkler in the hall just outside the apartment, causing the sprinkler to activate and to release water resulting in more than $1,000 in damages to the apartment building. Harder testified that defendant activated the sprinkler in order to alleviate boredom. Defendant did not testify, but the position of his counsel throughout the trial was that Harder activated the sprinkler. Only Harder testified to witnessing the incident.

Immediately after the sprinkler was activated, Gregory Johnson, the manager of the apartment building, ran up the stairs to the third floor to investigate. Upon reaching the second floor, Johnson noticed Harder running down the back stairs in wet clothing. When Johnson arrived at the third floor, the door to the apartment where the party had been held was open, and Johnson found defendant "passed out" on a couch in the apartment near the door. Johnson testified that the portion of defendant's clothes facing the sprinkler was wet, but the rest of defendant's clothes were dry. The condition of defendant's clothes and the fact that the door was open are consistent with defendant's contention that he was unconscious on the couch when the sprinkler was activated. Johnson testified that the water from the sprinkler was splashing about the room. Harder testified that he slept that night in the downstairs apartment of a friend and was

[ 823 ]

not aroused by the activities of firemen who spent some time on the third floor looking into the cause of the sprinkler's activation. Harder testified that on March 4, after being told there was a warrant for his arrest for the sprinkler incident, and after learning that the assistant manager of the building was offering a $1,500 reward for the apprehension of the individual responsible for activating the sprinkler,[1] he contacted a fire department investigator and implicated defendant.

The court denied defendant's request that it give the following instruction to the jury:

"I instruct you that if you find evidence that a witness in this case was a suspect and that he fled, then, you may consider that evidence as bearing upon that witness' consciousness of guilt and you may draw an inference against that witness."

The issue posed by defendant is whether an instruction on flight should be given on inferences to be drawn from the flight of a witness. Ordinarily such instruction is given with respect to conduct of a defendant. We agree with defendant if the instruction is proper it is equally applicable to conduct of a fleeing witness. The inferable guilt of a witness would be relevant in testing his credibility. The state, in the unusual position of objecting to the instruction, makes a cogent argument that a trial court should not be required to give such instruction because in effect it singles out a particular item of evidence.

■ In this context we are impelled to examine critically the historical basis for allowing the instruction on flight. The genesis of such instruction is found in the principle of law that evidence of flight is relevant as circumstantial evidence of guilty knowledge. *State v. Wilson,* 172 Or 373, 142 P2d 680 (1943); *State v. Redeman,* 9 Or App 329, 496 P2d 230 (1972); *State v. McIntire,* 2 Or App 429, 468 P2d 536, Sup Ct *review*

---

[1] In fact, no warrant for Harder's arrest had issued, and the prosecution later disputed whether a reward had been offered.

*denied* (1970). However, such evidence is also susceptible of other inferences. A requested instruction on flight calls upon the court to point out to the jury a particular inference or perhaps instruct on multiple inferences that could be drawn. *See,* for example, *State v. Wright,* 12 Or App 73, 504 P2d 1065, Sup Ct *review denied* (1973). The arguments to the jury in this case aptly illustrate the problem. The defendant argued Harder fled because of a consciousness of guilt while the state argued his flight was evidence of nervousness and a desire not to be implicated in the actions of the defendant he had just witnessed. An instruction on flight disclosing either or both theories would be an impermissible comment upon the probative value of the evidence. ORS 17.255(1); *see also Johnson v. Clark Equip. Co.,* 274 Or 403, 547 P2d 132 (1976); *Hanson v. Schrick,* 160 Or 397, 85 P2d 355 (1939); *State v. High,* 151 Or 685, 51 P2d 1044 (1935). Even if only one inference can logically be drawn from evidence of flight it serves no purpose for the court to point this out to the jury. By argument a party can present the inference he wishes the jury to draw and thereby obtain the full benefit of the evidence.

■ As Justice Holman's concurring opinion in *Brooks v. Bergholm,* 256 Or 1, 9, 470 P2d 154 (1970), points out:

> "Evidence is admitted because it is relevant to the issues in some particular manner. If it is the trial judge's duty, upon request, to point out the relevance which caused each bit of evidence to be admitted, regardless of its obvious purpose, instructions are quickly going to become more voluminous. Each side will request an instruction telling the jury the purpose for which each bit of favorable evidence may be considered. * * *"

■ ORS 17.255(1), while allowing a court to recite evidence for the purposes of explaining a litigant's theory of the case, does not allow a court to tell the jury what probative value the evidence may have. This invades the province of the jury. *See Franks v. Smith,* 251 Or 98, 444 P2d 954 (1968); *Hanson v. Schrick,*

*supra; State v. High, supra.* An instruction on flight calls upon the court to point out a particular piece of evidence and disclose to the jury its probative value, i.e., the inference of guilt. Rarely would a party against whom such instruction is given agree with the inference. The court's instruction lends credence to the arguable inference and suggests to the jury it must be made.

We have examined the authorities in Oregon and determined the decisions are based on whether there was sufficient evidence to justify the instruction and do not flow from an inquiry as to whether such instruction ought to be given. *State v. Wright, supra; State v. Bonner,* 241 Or 404, 406 P2d 160 (1965); *State v. Brown,* 231 Or 297, 372 P2d 779 (1962); *State v. Duggan,* 215 Or 151, 333 P2d 907 (1958); *State v. Wilson, supra; State v. Ching Lem,* 91 Or 611, 176 P 590 (1918); *State v. Chin Borkey,* 91 Or 606, 176 P 195 (1918); *State v. Lem Woon,* 57 Or 482, 107 P 974, 112 P 427, *aff'd* 229 US 586, 33 S Ct 783, 57 L Ed 1340 (1910).

█ It may be argued the implicit holding of the cases noted above is the instruction should be given when requested and based on sufficient evidence. However, appellate courts are loath to decide on question not properly raised. As indicated our review of the previous decisions disclose neither this court nor the Supreme Court has been called upon to decide the issue posed in this appeal. It is a question of first impression and the issue is ripe for resolution. We feel if the Supreme Court were directly faced with the question regarding the propriety of giving a flight instruction it would follow the lead of Justice Holman's reasoning in *Brooks v. Bergholm,* supra, set out above.

██ In that opinion Justice Holman went on to state at page 10:

"In most situations, the relevance of the evidence is so obvious that an instruction should not be given. In

[ 826 ]

other situations, the reason for the admission of the evidence may be obscure and the evidence is likely to be considered for an irrelevant purpose. It would be error in such case to refuse an instruction.* * *"

We do not think the relevance of flight evidence is so obscure that an instruction by the court is necessary to inform the jury the inferences that can be drawn. Although the instruction is embedded in Oregon jurisprudence we think the better rule is that such instruction should not be given whether with respect to conduct of a defendant or of a witness.

■ We turn now to the defendant's contention that the failure of the district attorney to file the information within the time specified in ORS 135.745 requires that the charge against him be dismissed. ORS 135.745 provides:

"When a person has been held to answer for a crime, if an indictment is not found against him within 30 days or the district attorney does not file an information in circuit court within 30 days after the person is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown."

The Supreme Court has construed the predecessor to ORS 135.745:[2]

"ORS 134.110 is designed to insure that a person charged with crime is promptly indicted, but is not designed to bar the ultimate prosecution of a person charged with a felony. If the delay in the return of the indictment in this case was without good cause, a motion to dismiss by defendant, if presented prior to indictment, would have gained his release from custody until an indictment was found. If the defendant had been admitted to bail, the motion to dismiss would have resulted in the exoneration of his bail until indictment was found. ORS 134.110 gave Sutton the right, after the expiration of 60 days, to demand his indictment or release from custody. Once a felony indictment is found, the purpose

[2]The only difference between ORS 135.745 and former ORS 134.110 is that the old statute specified a time period of 60 rather than 30 days and did not provide for the filing of an information as an alternative to the obtaining of an indictment.

[ 827 ]

of the statute is accomplished." *State v. Sutton,* 223 Or 570, 575, 355 P2d 247 (1960).

We likewise find that "the purpose of the statute [was] accomplished" by the filing of the information.

Affirmed.

**SCHWAB, C. J.,** dissenting.

I agree with the majority that the instruction on flight is "embedded in Oregon jurisprudence." 28 Or App at 827. It is interesting to note that after having regularly sought the instruction at least since 1910, *State v. Lem Woon,* 57 Or 482, 107 P 974, 112 P 427, *aff'd* 229 US 586, 33 S Ct 783, 57 L Ed 1340 (1910), the state challenges its propriety when in an unusual situation a defendant seeks to have the same legal theory inure to his benefit. Were I writing on a clean slate I would probably agree with the rationale of the majority, but—contrary to the majority—I think the numerous Supreme Court opinions dealing with the subject of flight collectively constitute an implicit holding of that court which only it should change; specifically, that when supported by the evidence an instruction of flight should be given when requested.