THORNTON, J.
Defendant appeals from his conviction after a jury trial of first degree rape and kidnapping in the second degree. ORS 163.375 and 163.225. He assigns as error the trial court’s denial of his motion to dismiss and the giving of a jury instruction on flight.
At trial defendant admitted that he rode with the victim and the codefendant, Terry Engblom, to a secluded beach area where both men had intercourse with the victim. Defendant claimed, however, that the victim had agreed to go to the beach for the purpose of smoking marihuana and, once there, had consented to the intercourse.
The victim denied smoking marihuana with the defendant and Engblom, or consenting to intercourse.
Prior to trial the defendant moved to dismiss on the ground that the state had failed to disclose evidence favorable to his defense and material to the issue of his guilt contrary to the requirements of Brady v. Maryland, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963).
The evidence in question was a smoking pipe found upon the codefendant and allegedly containing a small amount of marihuana. The police subsequently destroyed the pipe thinking it had no relevancy to the rape prosecution. Defendant claimed that the pipe had been used by the defendant and the victim to smoke marihuana prior to the rape. Defendant argued at trial and now on appeal that had the pipe been produced he could have had it analyzed for fingerprints to determine if the victim had handled it and, assuming she had, he could have used the evidence to impeach her testimony.
 To establish that evidence requiring expert analysis is favorable to him, defendant must demonstrate beyond mere speculation that such an analysis would produce a meaningful result, and that the result would be favorable to the defense. State v. Koennecke, 29 Or *[32] App 637, 565 P2d 376 (1977); State v. Michener, 25 Or App 523, 550 P2d 449, Sup Ct review denied (1976). Here, the only evidence offered by defendant to substantiate his claim is his testimony that the victim had used the pipe on the night in question, and the mere assertion of his counsel that the victim’s fingerprints might be found on the pipe. He made no showing that expert analysis could obtain fingerprints from the pipe. The facts are strongly to the contrary; under defendant’s version of the facts the pipe was handled by three people on the night of the rape; it was found in the shirt pocket of the codefendant a few hours later; and at least one or possibly three policemen handled the pipe thereafter. It was incumbent upon defendant to make some showing that identifiable prints were likely to remain. He did not do so. At least for that reason, the motion to dismiss was properly denied.
The defendant also argues for the first time on appeal that the giving of a jury instruction on flight,[1] constituted an impermissible comment on the evidence, citing the recent case of State v. McCormick, 28 Or App 821, 561 P2d 665, Sup Ct review allowed (1977), in support of his position. In McCormick this court held that such an instruction is an impermissible comment upon the evidence by the trial judge.
According to the record, during the trial defendant objected to this instruction, not upon the ground now urged but upon the ground that the instruction was
"* * * not based upon matters which were thoroughly placed in evidence * *
This ground is refuted by the evidence since we find that there was sufficient evidence to support a flight *[33] instruction, putting aside for the moment the issue on which McCormick was decided.
As to the McCormick issue, we conclude that the case at bar should not be reversed on this ground inasmuch as defendant did not raise and preserve this issue in the trial court.
"No instruction given to a jury in the circuit court shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception was made in the circuit court. * * *” ORS 17.510; ORS 136.330(2).
As the Supreme Court, as well as this court, has repeatedly held, questions not raised and preserved in the trial court will not be considered for the first time on appeal. State v. Braley, 224 Or 1, 355 P2d 467 (1960); State v. Cameron, 22 Or App 85, 538 P2d 94 (1975).
Affirmed.

 "THE COURT: * * * Now, in this case, you have received evidence that the defendant may have left the scene of the alleged rape on foot. If you find that the defendant did so leave, for the purpose of flight, you may consider it as evidence of an indication of guilt; however, such evidence alone could not provide basis for a finding of guilty. * * *”