STATE OF OREGON, *Respondent,*
*v.*
DANIEL DEVIN McCORMICK, *Petitioner.*
(C-76-03-03248, CA 6642, SC 25218)
571 P2d 499

Phillip M. Margolin of Nash & Margolin, Portland, argued the cause and filed a brief for petitioner.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Catherine Allan, Assistant Attorney General.

LINDE, J.

Lent, J., specially concurring.

**LINDE, J.**

After a preliminary hearing upon a complaint, the District Court for Multnomah County on March 16, 1976, ordered that defendant be held to answer in circuit court to a charge of criminal mischief in the first degree, a Class C felony. ORS 164.365. Appearance was set for April 20. No indictment or information of this charge having been filed in circuit court within the next 30 days, defendant on April 16 moved the circuit court to dismiss the prosecution pursuant to ORS 135.745. On the same day, the district attorney for Multnomah County filed an information on that charge in the circuit court. Defendant's motion was denied on April 19.

The motion was renewed before trial in the circuit court and again denied. The trial resulted in defendant's conviction of criminal mischief in the second degree, a Class A misdemeanor under ORS 164.354. On appeal, defendant raised two assignments of error: First, the failure to dismiss the prosecution, and second, denial of a requested instruction concerning the alleged flight of a prosecution witness who might have been the perpetrator of the mischief. The Court of Appeals rejected both claims and affirmed the conviction, 28 Or App 821, 561 P2d 665 (1977), and we allowed review, asking the parties to address particularly the question of the propriety of instructing the jury on the significance of flight.

With respect to defendant's requested instruction concerning the flight of another potential suspect,[1] the Court of Appeals considered and rejected defendant's argument that he was entitled to such an instruction because the prosecution is entitled to a corresponding instruction on the flight of a defendant. The argument

---

[1]Defendant's requested instruction would have read:

I instruct you that if you find evidence that a witness in this case was a suspect and that he fled then you may consider that evidence as bearing upon that witness' consciousness of guilt and you may draw an inference against that witness.

[ 419 ]

would be plausible if the premise were correct.[2] Accordingly, the Court of Appeals examined the question whether the prosecution is, in fact, entitled to a flight instruction against a defendant. It observed that such an instruction has been sustained in a number of cases. But it concluded that the relevance of flight is not so obscure as to require explanation by a judge, and that "the better rule is that such instruction should not be given whether with respect to conduct of a defendant or of a witness." 28 Or App at 827. Chief Judge Schwab, dissenting, stated that he would probably agree with the majority in principle if prior decisions of this court did not compel the conclusion that an instruction on the significance of flight should be given on request whenever there is evidence to support it.

Upon review, we find that the prior decisions do not compel such a conclusion. These decisions hold that it is not error to give a flight instruction in a proper case, but this is not the same as holding that the prosecution is entitled to it. Of course, in view of the state's inability to appeal, the court has had no occasion to decide whether it was error to refuse such an instruction nor even to know whether and how often trial courts decline to give it.

■ It is clear that no instruction concerning the possible significance of flight is proper when there is insufficient evidence to give rise to any suspicion on that score. *See State v. Wilson,* 172 Or 373, 142 P2d 680 (1943), in which defendant leaving the scene had said that he could be found at home and was in fact found there; *State v. Bonner,* 241 Or 404, 406 P2d 160 (1965), in which the only evidence was one statement that defendant "beat it out of the room." Moreover, the

---

[2]Indeed, the relative positions of the parties are not entirely symmetrical, since the state must prove its case beyond a reasonable doubt, while an inference favorable to a defendant need only be sufficient to raise such a doubt. On the other hand, the flight of another person who may be implicated will in many cases show nothing about the guilt or innocence of the defendant.

flight instruction as stated in *Bonner,* the most recent decision on the point, is as concerned with deterring the jury from making too much of the evidence as with drawing it to their attention. The instruction does not speak of any "inference" of guilt to be drawn from flight or concealment but only of a circumstance that may be taken into consideration. It continues:

> Such flight or concealment if any, is not of itself sufficient evidence of the defendant's guilt, but it is only a circumstance to be taken into consideration by the jury, along with all the other circumstances in the case. 241 Or at 406-407.

This caution is consistent with what appears to be the earliest discussion of the matter by this court. In *State v. Osborne,* 54 Or 289, 103 P 62 (1909), the court wrote that evidence of flight, like evidence of possession of stolen goods in a larceny case, is only a fact to be considered by the jury; it could not, standing alone, be sufficient to warrant conviction. Given this dual function of an instruction on the flight of a defendant, when one is permissible at all, it appears that the same instruction hardly fits the defendant's purpose when a possible suspect other than the defendant has fled the scene of the crime.

■ We agree with the Court of Appeals that the debatable significance of flight can in most cases be left to argument by the parties, unless the trial court believes in the particular case that the issue should be clarified for the jury. It was not error to refuse the instruction requested by defendant.

■ However, it was error to permit the prosecution to go forward after it should have been dismissed under ORS 135.745. That section provides:

> When a person has been held to answer for a crime, if an indictment is not found against him within 30 days or the district attorney does not file an information in circuit court within 30 days after the person is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown.

[ 421 ]

It was stipulated that no indictment was found and no information was filed within the statutory 30 days from the order holding defendant for trial, and the district attorney conceded that there was no "good cause" for the ·delay. However, the courts below believed that dismissal of the prosecution was moot because an information had subsequently been filed, although belatedly.

The state, and the courts below, cite the decision of this court in *State v. Sutton,* 223 Or 570, 355 P2d 247 (1960) for this result. At that time, defendants in circuit court were entitled to insist on an indictment, and the predecessor to ORS 135.745 referred only to indictments.[3] In *Sutton,* defendant claimed that the indictment against him was void because it was not returned within the deadline after he was held to answer. The court held that a dismissal would have had the effect of gaining his release from custody or exoneration of his bail, but that it would not prevent a grand jury from finding an indictment.[4]

*State v. Sutton* does not help the state in this case. The existence of a valid and outstanding order holding a defendant to answer is immaterial to a grand jury indictment, but it is a constitutional prerequisite to prosecution on a district attorney's information unless

---

[3] ORS 134.110 (1971):

When a person has been held to answer for a crime, if an indictment is not found against him within 60 days after the person is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown.

[4] The effect of a dismissal under ORS 135.745 is to bar another prosecution for the same crime if it is a Class B or C misdemeanor, but not if the crime charged is a Class A misdemeanor or a felony. ORS 135.753(2).

The court also found that Sutton had waived his right to a dismissal because he filed no motion to dismiss until 16 days after the indictment was found. That motion concerned the indictment, not the earlier order holding him to answer. In the present case, defendant notified the district attorney on the 31st day that he was about to. file his motion to dismiss the prosecution, and the district attorney then filed his information. There is no waiver in losing a race to the clerk's office.

a defendant has waived indictment.[5] The constitution provides:

> The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, the person has been held to answer upon a showing of probable cause that a crime punishable as a felony has been committed and that the person has committed it, or if the person knowingly waives preliminary hearing. Or Const am art VII, §5(5).

This provision, adopted by the people in 1974, for the first time permitted crimes to be prosecuted in circuit court upon a district attorney's information, without a grand jury indictment or waiver thereof. But the initiation of a prosecution was not left wholly to the sole discretion of district attorneys. The requirement that a magistrate must first have found probable cause to hold a defendant to answer represents the alternative to the older safeguard of requiring a showing of probable cause for an indictment to the grand jury. Thus, unlike the indictment in *Sutton,* an information that lacks a basis in an outstanding order to hold defendant to answer is indeed void. Where, as in this case, such an order was once issued, this consequence results not from the constitution as such but from the statute requiring the prosecution to be dismissed after a stated time.

There is no doubt under ORS 135.745 that an order holding a defendant to answer must be dismissed after 30 days in the absence of an indictment or information, or a showing of good cause. There is also no doubt that, if the order to dismiss requested on the 31st day had been granted, the prosecution could have proceeded upon an indictment but not on an information. That consequence is the same whether the district attorney files a belated information one day or 100 days after the deadline. Defendant's motion to dismiss the prosecution at the expiration of 30 days after he was held to answer should have been allowed, and as a

---

[5] See Or Const am art VII, §5(4).

consequence the information should have been dismissed.

Reversed.

**LENT, J.,** specially concurring.

I concur without reservation in that portion of the opinion of the court with respect to dismissal under ORS 135.745. I concur in the result with respect to the refusal of the trial court to instruct upon flight.

Upon the flight issue I would adopt the holding of the majority of the Court of Appeals but would go even further. The majority held:

> "[W]e think the better rule is that such instruction should not be given whether with respect to conduct of a defendant or of a witness." 28 Or App 821, 827, 561 P2d 665 (1977).

I believe that the significance of flight should always be left to argument, whether it be the flight of the defendant, of an in-court witness, or of anyone else. My belief is based on the same line of reasoning as that of the majority in the Court of Appeals and the cases there cited. *See also Lee v. Hoff,* 163 Or 374, 97 P2d 715 (1940).

I agree with Chief Judge Schwab, who, dissenting in the Court of Appeals, noted that it was "interesting" that the state questions the propriety of the requested instruction and urges in its brief that the requested instruction "singled out" a particular item of evidence. The state's contention is interesting, because it so often seeks an instruction on flight or concealment when flight of the defendant is involved.