*[1347]
 
 JOSEPH, J.
 

 Defendant was indicted on two counts of murder arising from the deaths of Duane Day (Count I) and Louis Knight (Count II). His motion to separate the two counts for trial was granted. In both trials defendant was convicted by a jury of the lesser included offense of manslaughter in the first degree. ORS 163.118. This opinion concerns the conviction on Count I. The conviction on Count II is the subject of a separate appeal and opinion.
 
 State v. Wright,
 
 31 Or App 1351, 572 P2d 669 (1977).
 

 The facts can be briefly stated. Defendant shot and killed Day and Knight during a confrontation on an isolated road between their homes and his following a series of incidents in which the victims had shot at defendant and his home. Defendant confessed to the shootings. His sole defense to the charge was that he acted in self-defense, reasonably believing that at the time he shot Day, Day was armed and about to kill him.
 

 Defendant admitted that because they had distinctive lug soles, he had buried the boots he wore at the time of the shootings. He also admitted that after realizing Knight and Day were dead he and his companion loaded the bodies into Knight’s truck and defendant attempted to drive the truck over an embankment.
 

 Defendant contends that the trial court erred in giving the following instruction:
 

 "If you find that there has been evidence in this case to the effect that the defendant concealed evidence, you are instructed that such matter alone are [sic] not sufficient to establish guilt, however, if you find that such facts occurred
 
 you may consider them as evidence of a consciousness of guilt?
 
 (Emphasis supplied.)
 
 *[1348]
 
 Defendant excepted to the instruction on the ground that it was a comment upon the evidence impermissible under ORS 17.255(1).
 
 [1]
 

 In
 
 State v. McCormick,
 
 28 Or App 821, 561 P2d 665,
 
 rev’d on other grounds,
 
 280 Or 417, 571 P2d 499 (1977), we held that a requested instruction on flight
 
 [2]
 
 was properly refused because it would have constituted a comment on the evidence. We noted there that
 

 "[a]n instruction on flight calls upon the court to point out a particular piece of evidence and disclose to the jury its probative value, i.e., the inference of guilt. Rarely would a party against whom such an instruction is given agree with the inference. The court’s instruction lends credence to the arguable inference and suggests to the jury it must be made.” 28 Or App at 826.
 

 The same observations apply to the concealment instruction given in this case. From the evidence of concealment the jury could have drawn any of several inferences. The court’s instruction, which focused upon only one possible inference, was improper. As we observed in
 
 McCormick,
 
 even if only one possible inference could logically be drawn from the evidence, there is normally no need for such an instruction. "By argument a party can present the inference he wishes the jury to draw and thereby obtain the full benefit of the evidence.” 28 Or App at 825.
 

 Under the circumstances, the giving of the instruction was not harmless error. Defendant admitted that he shot Day. The crucial issue for the jury was whether he had done so with a reasonable belief that Day was about to use deadly force. The record shows that defendant put on a plausible case of self-defense,
 
 *[1349]
 
 but it was based almost entirely upon his own testimony. The inferences which could be drawn from his actions just after the shooting therefore took on substantial evidentiary significance. Furthermore, it is very doubtful whether "consciousness of guilt” is a phrase that has any unambiguous meaning that is relevant to proof of the commission of a crime.
 

 In
 
 State v. Nulph,
 
 31 Or App 1155, 572 P2d 642 (1977), we held that the giving of a flight instruction where there was negligible, if any, evidence to support such an instruction was harmless error. We noted there that
 

 "* * * the jury was instructed that it must determine first whether any evidence of flight existed and then whether that evidence was believable, before attaching any significance to it. It is therefore unlikely that the instruction caused the jury to assume judicial cognition of evidence of flight where there was none.* * *” 31 Or App at 1161.
 

 In this case, unlike
 
 Nulph,
 
 there was clear evidence of concealment. There was a substantial likelihood that the jury would recall that evidence and infer from it knowledge of guilt, as the court’s instruction had suggested it might.
 

 The evidence that defendant killed Day while acting with the requisite state of mind was not so substantial and convincing as to warrant the conclusion under the circumstances that "the error committed was very unlikely to have changed the result of the trial.”
 
 State v. Van Hooser,
 
 266 Or 19, 26, 511 P2d 359, 363 (1973). The conviction is, therefore, reversed.
 

 Because of the likelihood that the issue will arise upon retrial, we will consider briefly another assignment of error. Defendant asserts that the court erred in refusing to give an instruction based upon ORS 161.219(1).
 
 [3]
 
 The court gave a correct instruction on
 
 *[1350]
 
 self-defense, a portion of which was based upon ORS 161.219(3). There was no evidence to suggest that at the time he shot Day defendant believed that Day was committing or attempting to commit any felony other than the unlawful use of deadly physical force. The instruction given was, therefore, adequate, and the requested instruction was properly denied.
 

 Reversed and remanded for new trial.
 

 [1]
 

 ORS 17.255(1): "In charging the jury, the court shall state to them all matters of law which it thinks necessary for their information in giving their verdict, but it shall not present the facts of the case, but shall inform the jury that they are the exclusive judges of all questions of fact.”
 

 [2]
 

 "I instruct you that if you find evidence that a witness in this case was a suspect and that he fled, then, you may consider that evidence as bearing upon that witness’ consciousness of guilt and you may draw an inference against that witness.”
 

 [3]
 

 ORS 161.219: "Notwithstanding the provisions of OES 161.209, a person is not justified in using deadly physical force upon another person unless he reasonably believes that the other person is:
 

 
 *[1350]
 
 "(1) Committing or attempting to commit a felony involving the use or threatened imminent use of physical force against a person; or
 

 * ** * *
 

 "(3) Using or about to use unlawful deadly physical force against a person.”
 

 For a discussion of the meaning of the terms used in this statute,
 
 see State v. Burns,
 
 15 Or App 552, 561, 516 P2d 748 (1973),
 
 rev den
 
 (1974).