JOSEPH, J.
Defendant appeals his conviction of first degree manslaughter (ORS 163.118) for the slaying of Louis Knight. The conviction arose from the same incident involved in State v. Wright, (CA 8175,31 Or App 1345, 572 P2d 667 (1977), and the facts are adequately set forth in that opinion.
Defendant raises only one assignment of error which merits discussion. He contends that the trial court erred in admitting the testimony of a psychiatrist who had been hired to examine defendant concerning his state of mind at the time he shot Knight. The testimony of the psychiatrist was limited to replying "No” when asked if the defendant had been suffering from extreme emotional disturbance at the time of the shooting. The objection to the testimony was based upon the doctor-patient privilege (ORS 44.040(l)(d)[1] and the asserted irrelevancy of the testimony.
The psychiatrist testified for the state on rebuttal. In the defendant’s case he had called Charles Smith, his companion at the time of the shooting. Smith testified that just before the shooting he "was telling [defendant] to calm down and everything” and that "I was shook up too, so I — I was just trying to get him to calm down and go back to my place * * From this testimony and defendant’s own testimony about his prior harassment by Knight and Day the jury could have inferred that defendant was suffering from extreme emotional disturbance at the time of the shooting. The state, therefore, had the burden of negating extreme emotional disturbance beyond a reasonable doubt, State v. Keys, 25 Or App 15, 18, 548 *[1354] P2d 205 (1976), and the testimony of the psychiatrist was relevant for that purpose.[2]
The privilege was created and is limited by the statute. Even if defendant had gone to the psychiatrist for the purpose of treatment, the doctor-patient privilege by its terms does not apply in a criminal case. State v. Betts, 235 Or 127, 384 P2d 198 (1963).
Affirmed.

ORS 44.040(l)(d):
"Subject to ORS 44.610 to 44.640, a regular physician or surgeon shall not, without the consent of his patient, be examined in a civil action, suit or proceeding, as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient.”

 Cf., Patterson v. New York, 432 US 197, 97 S Ct 2319, 53 L Ed2d 281 (1977).