Argued and submitted March 31, 1999, affirmed January 26, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID BLANCHARD,
*Appellant.*

(Z434588; CA A98850)

995 P2d 1200

Andrew S. Chilton, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

## DEITS, C. J.

Defendant appeals from his conviction for driving under the influence of intoxicants. ORS 813.010. He assigns error to the trial court's instruction to the jury with respect to his refusal to submit to a breath test under ORS 813.310. We affirm.

Many of the facts are undisputed. Those that are disputed, we state in the light most favorable to the state. *State v. McDonnell,* 313 Or 478, 480, 837 P2d 941 (1992). Defendant was involved in a two-car collision in southeast Portland on December 25, 1996. At the scene of the accident, defendant told Officer Hedges that he had just come from a party where he had consumed three beers, that he had not seen the stop sign at the intersection where the accident occurred, and that his shoulder hurt as a result of the accident. Defendant, however, declined medical care. Hedges testified that he observed several characteristics about defendant that were consistent with alcohol consumption. Consequently, Hedges administered several field sobriety tests. Defendant performed poorly on all of them. Hedges then arrested defendant. At the police station, Hedges asked defendant to submit to a breath test to determine the level of alcohol in his blood. Hedges informed defendant of his "rights and consequences" with respect to consenting or refusing to consent to the test. ORS 813.130. Defendant refused to take the breath test.

At trial, defendant testified that, although he had had two or three beers before the accident, he was not intoxicated at the time of the accident. He attributed his poor performance on the field sobriety tests to a head injury that he had suffered in the accident. Defendant claimed that he was unconscious for 10 or 15 minutes after the accident. He testified that he had declined the breath test because he had been advised that the test was unreliable and he was concerned about its accuracy.

Defendant assigns error to an instruction given by the trial court to the jury regarding his refusal to submit to the breath test. The court instructed the jury that:

"If you find that the defendant refused to submit to a chemical test of his breath, after being advised of his rights and the consequences of his refusal, you may consider his

refusal to submit to the breath test in determining whether he was under the influence of intoxicants. You may give his refusal to submit to the breath test such weight as you feel is appropriate in reaching your verdict."

Defendant argues that this instruction was an inadmissible "comment on the evidence" under ORCP 59 E. ORCP 59 E applies to criminal cases under ORS 136.330(1). It provides that:

"The judge shall not instruct with respect to matters of fact, nor comment thereon."

As the Supreme Court explained in *State v. Hayward*, 327 Or 397, 410-11, 963 P2d 667 (1998) (holding that an instruction on coexisting intents was not a comment on the evidence), "[a] court impermissibly comments on the evidence when it gives a jury instruction that tells the jury how specific evidence relates to a particular legal issue." Whether a jury instruction is a comment on the evidence is a question of law. *See State v. Henry,* 138 Or App 286, 288, 907 P2d 1133 (1995).

Defendant argues that in giving the instruction, the trial court impermissibly identified a single piece of evidence and related it to an element of the charge against defendant. He contends that this constituted an impermissible comment on the evidence because the effect of the court's instruction identifying this evidence was to direct the jury to infer from the fact that defendant refused the test that he was under the influence of intoxicants. It is defendant's position that highlighting the evidence in this manner was impermissible. He further contends that if the instruction identifies the inference that the state wants the jury to draw from this evidence, then the court also was required to instruct the jury regarding the inference that defendant wanted the jury to draw from it; namely, that defendant refused the test because of his concern about the reliability of the test.

■ We need not address whether there was any necessity for the court to give the instruction that it did because we conclude that, in any event, the instruction was not an impermissible comment on the evidence and did not prejudice defendant. While the instruction did direct the jury to the particular issue to which this evidence was relevant, the instruction was neutral. It did not direct the jury to draw any

particular inference that could be drawn from defendant's refusal or tell the jury, in any way, *how* the evidence of defendant's refusal related to the question of his intoxication. *State v. Lunow,* 131 Or App 429, 433, 885 P2d 731 (1994). The jury was told only that it was to give the refusal "such weight as you feel is appropriate in reaching your verdict." Both the state and defendant identified for the jury, during the course of trial, the inferences that they wished the jury to draw from defendant's refusal. Nothing in the court's instructions directed the jury to draw a particular inference nor precluded it from drawing the inference that either the state or defendant wanted.

Defendant attempts to draw a correlation between this case and other cases in which an instruction was found to be a prejudicial comment on the evidence. However, those cases are distinguishable in that, although permissive, the instructions given "singled out one of several possible inferences to be drawn from the evidence[.]" *State v. Girard,* 34 Or App 85, 89, 578 P2d 415 (1978) (flight instruction improper); *see also State v. Felty,* 35 Or App 735, 582 P2d 478, *rev den* 284 Or 80a (1978) (flight instruction was an impermissible comment on the evidence where it "essentially directed the jury to draw a certain inference"); *State v. Wright,* 31 Or App 1345, 1348, 572 P2d 667 (1977) (instruction that concealment of evidence could be considered evidence of guilt was improper because it focused on only one possible inference). Here, as we have explained above, the instruction told the jury which issue the evidence applied to, but was neutral as to the inference, if any, that could be drawn from that evidence.

We conclude that the disputed instruction was not a comment on the evidence and, accordingly, that the trial court did not err in giving the instruction.

Affirmed.