Argued and submitted January 30, reversed and remanded October 7, 2009

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# MARIA YENI MACIEL-CORTES,
*Defendant-Appellant.*

Marion County Circuit Court
06C43403; A135949

218 P3d 900

Travis S. Eiva, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Samuel A. Kubernick, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.*

ARMSTRONG, P. J.

---

* Brewer, C. J., *vice* Wollheim, J.

**ARMSTRONG, P. J.**

Defendant was convicted, following a jury trial, of recklessly endangering another person. ORS 163.195. That statute provides that "[a] person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." On appeal, defendant's sole assignment of error is that the court impermissibly commented on the evidence in violation of ORCP 59 E when it instructed the jury that "[d]riving under the influence of intoxicants is, itself, evidence that a person created a substantial risk of physical injury to passengers." We reverse and remand.

The relevant facts are undisputed. Oregon State Police Troopers Webster and Adams were riding in their patrol car along Lancaster Drive in Salem when a car driven by defendant pulled out in front of them, requiring Webster, who was driving, to "brake hard in order to avoid hitting" it. Webster turned on his emergency lights and initiated a traffic stop. Defendant had three passengers in her car at the time—two other adults and defendant's young child, who was in a car seat. Webster observed that defendant had a dazed appearance and glassy eyes, and he noted an order of alcohol coming from the car. When Webster asked her if she had had anything to drink, defendant said she had drunk a beer. Adams administered field sobriety tests, during which defendant demonstrated several "clues" of intoxication. He then arrested defendant, and the troopers took her to the jail. At the jail, defendant took a breath test, which showed that her blood alcohol content was .08 percent. Based on those events, defendant was charged with driving under the influence of intoxicants (DUII), ORS 813.010, and recklessly endangering another person, ORS 163.195.

Defendant pleaded guilty to DUII and entered diversion on that charge.[1] At trial on the reckless endangerment

---

[1] Defendant's diversion agreement was later revoked on the basis that she had violated the terms of diversion, and a judgment of conviction for DUII was entered. In her notice of appeal and statement of the case, defendant purports to also appeal from that judgment; however, she advances no assignment of error or argument pertaining to that conviction, nor does she explain why she is entitled to an appeal,

charge, Webster and Adams testified to the events described above. They each also offered testimony as to the dangers of driving under the influence of intoxicants. Evidence of defendant's diversion petition, which included her admission that she was driving under the influence of intoxicants, was also admitted at trial. During closing arguments, defense counsel acknowledged that defendant had driven under the influence of intoxicants, but argued that the evidence was insufficient to show, beyond a reasonable doubt, that defendant's conduct rose to the level of recklessly endangering another person.

Defendant assigns error to the trial court's instruction to the jury, over her objection, that "[d]riving under the influence of intoxicants is, itself, evidence that a person created a substantial risk of physical injury to passengers." We agree with defendant that the trial court erred.

■■ ORCP 59 E, made applicable in criminal cases by ORS 136.330(1), provides that, "[t]he judge shall not instruct with respect to matters of fact, nor comment thereon." As the Supreme Court explained in *State v. Hayward*, 327 Or 397, 410-11, 963 P2d 667 (1998), "[a] court impermissibly comments on the evidence when it gives a jury instruction that tells the jury how specific evidence relates to a particular legal issue." We review whether a jury instruction is a comment on the evidence for legal error. *State v. Blanchard*, 165 Or App 127, 130, 995 P2d 1200, *rev den*, 331 Or 429 (2000).

Defendant argues that the instruction here was "reversible error, because it conveyed an impermissible comment on the evidence that may have led the jury to believe that it could convict defendant on a lesser degree of proof than was required." In defendant's view, the instruction runs afoul of ORCP 59 E because it "specifically highlighted defendant's act of DUII" and "explained to the jury how that evidence applied to a particular element of the reckless endangerment charge."

Defendant relies on *State v. Poole*, 175 Or App 258, 29 P3d 643 (2001), as support for her position. In *Poole*, the

given that the conviction was based on her guilty plea. *See* ORS 138.050 (limiting the circumstances under which a defendant who has pleaded guilty or no contest may appeal a criminal judgment). Accordingly, we do not consider it.

defendant was charged with assaulting a public safety officer and fourth-degree assault, both of which required proof of physical injury. The relevant statute defined "physical injury" to mean " 'impairment of physical condition or substantial pain.' " *Id.* at 261 (quoting ORS 161.015(7) (emphasis omitted)). Relying on *State ex rel Juv. Dept. v. Greenwood*, 107 Or App 678, 682, 813 P2d 58 (1991), in which we had determined, on *de novo* review of a juvenile court adjudication, that pain lasting an hour was sufficient to constitute substantial pain, the trial court instructed the jury that " 'Oregon law provides that pain that lasts an hour constitutes substantial pain.' " *Poole*, 175 Or App at 262.

The defendant challenged that instruction as violating ORCP 59 E; the state responded that the instruction was proper, because it did not require the jury to find as fact that the victim had suffered pain for more than an hour, but, instead "merely described the legal effect of that fact, should the jury find it to be true." *Poole*, 175 Or App at 262. We rejected that argument, reasoning that, "[e]ven though the instruction did not require the jury to find that [the victim] suffered pain for an hour, it told the jury that, if it so found, it should infer that the victim suffered physical injury." *Id.* Because the instruction thus "told the jury *how* [the victim's] testimony that he suffered pain for an hour related to whether he suffered physical injury," a necessary factual element of the crimes, it was an impermissible comment on the evidence under *Hayward*. *Poole*, 175 Or App at 263 (emphasis added).

In defendant's view, the present case is directly analogous. According to defendant, although, as in *Poole*, evidence that defendant committed DUII was, if believed by the jury, *sufficient* to support a conviction for reckless endangerment, *see State v. Mojarro-Sandoval*, 208 Or App 178, 183, 144 P3d 996, *rev den*, 342 Or 117 (2006) (so stating), the trial court nonetheless erred in giving the instruction because it "specifically highlight[ed] to the jury that such evidence related to the question * * * whether defendant created a substantial risk of serious physical injury." In other words, defendant argues, the court improperly instructed the jury as to the probative value of defendant's DUII conduct as it

applied to the jury's resolution of the reckless endangerment charge.

The state responds that *Poole* is distinguishable because, in the present case, the instruction "did not tell the jury that it *had* to find or infer anything from [the] evidence," but, "[r]ather, the instruction merely informed the jury that, if it found that defendant had driven under the influence of intoxicants, it was permitted to then consider that evidence in determining whether defendant had created a substantial risk of injury to passengers." (Emphasis in original.)

In the state's view, the case is thus more like *Blanchard*. In *Blanchard*, the defendant appealed his conviction for DUII, arguing that the trial court's instruction to the jury regarding his refusal to submit to a breath test was an impermissible comment on the evidence because it "direct[ed] the jury to infer from the fact that defendant refused the test that he was under the influence of intoxicants." 165 Or App at 130. The instruction at issue stated:

> " 'If you find that the defendant refused to submit to a chemical test of his breath, after being advised of his rights and the consequences of his refusal, you may consider his refusal to submit to the breath test in determining whether he was under the influence of intoxicants. You may give his refusal to submit to the breath test such weight as you feel is appropriate in reaching your verdict.' "

*Id.* at 130-31. We concluded that the trial court did not err, because,

> "[w]hile the instruction did direct the jury to the particular issue to which this evidence was relevant, the instruction was neutral. It did not direct the jury to draw any particular inference that could be drawn from defendant's refusal or tell the jury, in any way, *how* the evidence of defendant's refusal related to the question of his intoxication. *State v. Lunow*, 131 Or App 429, 433, 885 P2d 731 (1994). The jury was told only that it was to give the refusal 'such weight as you feel is appropriate in reaching your verdict.' "

*Blanchard*, 165 Or App at 131-32 (emphasis in original).

The state argues that the same is true of the instruction in the present case, focusing on the instruction's use of

the word "evidence." In the state's view, because the jury was instructed that driving under the influence of intoxicants is *"evidence"* that a person created a substantial risk of physical injury to another, the jury was not required to draw a particular inference about the evidence, and, thus, as in *Blanchard*, the instruction is permissible.

We are not persuaded by the state's argument. As an initial matter, we disagree with the state's reading of *Blanchard* that anything short of an instruction directing the jury to draw a particular inference is necessarily permissible. Rather, the dispositive point in *Blanchard* was that the instruction was neutral—that is, it did not direct the jury to draw a particular inference from the evidence, *nor* did it "tell the jury, *in any way, how* the evidence of defendant's refusal related to the question of his intoxication." 165 Or App at 131 (emphasis on "how" in original; other emphasis added). Thus, even though "[t]he instruction told the jury which issue the evidence applied to," it did not violate ORCP 59 E because it "was neutral as to the inference, if any, that could be drawn from that evidence." *Id.*

■     The same cannot be said here. First, the state's argument does not account for the complete phrasing of the court's instruction—*viz.*, that "[d]riving under the influence of intoxicants *is, itself,* evidence that a person created a substantial risk of physical injury to passengers." (Emphasis added.) The use of the phrase "is, itself" suggested to the jury that the latter flows inevitably from the former. In other words, the instruction implied to the jury that, if they found that defendant had driven under the influence of intoxicants, then it followed that she had also created a substantial risk of serious physical injury to her passengers. Unlike in *Blanchard*, the court here did not couch its instruction in permissive terms—*"if* you find x, then you *may consider* x in determining y." *See also Hayward*, 327 Or at 411 (upholding instruction reminding the jury that, if the state proved that the defendant acted with a criminal intent, it was "possible" for it to find that the defendant had one or more other coexisting intents). Thus, even if, as the state contends, the instruction cannot be read as a mandate to the jury to conclude from the DUII evidence that defendant created a substantial risk of serious physical injury to her passengers, at a

minimum, it suggested to the jury that that was an appropriate inference to be drawn. In that sense, the instruction was not "neutral as to the inference, if any, that could be drawn." *Id*. at 131.

In sum, whether defendant created a substantial risk of serious physical injury to another person is a factual element of the offense of reckless endangerment that the jury was required to decide. Because the disputed instruction explained to the jury *how* evidence—defendant's act of driving under the influence of intoxicants—related to a specific legal issue—whether that factual element was proved beyond a reasonable doubt--the instruction was an improper comment on the evidence. *See Hayward*, 327 Or at 410-11.

■    The state also argues that no reversible error occurred because, considering the instructions in their totality, defendant was not prejudiced. *State v. Pratt*, 316 Or 561, 576, 853 P2d 827, *cert den*, 510 US 969 (1993) ("For an instruction to constitute reversible error, it must have prejudiced the defendant when the instructions are considered as a whole." (Internal quotations omitted.)). In the state's view, defendant was not prejudiced by the challenged instruction because the trial court also instructed the jury, *inter alia*, that the state was required to prove the elements of the offense beyond a reasonable doubt; that the jury was not to "place undue emphasis on one particular instruction, but rather view them as a whole"; and that it could "draw inferences and reach conclusions from the evidence if your inferences and conclusions are reasonable and are based on your common sense and experience."

■    We disagree. Despite evidence of defendant's driving while under the influence of intoxicants, the jury *could* have concluded that the state did not satisfy its burden of proving that that conduct created a substantial risk of serious physical injury to defendant's passengers or others under the circumstances of the case. The challenged jury instruction suggested to the jury that that possibility was foreclosed. We do not see how the other instructions and caveats to the jury could overcome that improper suggestion. As the state correctly points out, we presume that juries follow the court's instructions. *State v. Thompson*, 328 Or 248, 271, 971 P2d

879, *cert den*, 527 US 1042 (1999). However, in this case, if the jury was misled by the disputed instruction into believing that, if it found that defendant drove under the influence of intoxicants, then it followed that the "creat[ion of] a substantial risk of serious physical injury" element of the crime charged was also established, then the jury could have properly followed all of the court's instructions in reaching its verdict, and, still, the verdict would be tainted by the error. And, as in *Poole*, "nothing in the record, including the other instructions given, suggests that the jury was not so misled." 175 Or App at 264. Accordingly, we reverse.

Reversed and remanded.