Submitted March 26, conviction for failure to appear reversed and remanded; otherwise affirmed October 1, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL H. NEWCOMER, JR.,
*Defendant-Appellant.*

Lane County Circuit Court
211119621; A150802

337 P3d 137

Peter Gartlan, Chief Defender, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Edmonds, Senior Judge.

DEVORE, J.

**DEVORE, J.**

Defendant raises two assignments of error, appealing a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, and failure to appear on a criminal citation, ORS 133.076. Due to an erroneous jury instruction, we reverse and remand the conviction for failure to appear and otherwise affirm.

First, defendant assigns error to the trial court's denial of his motion to suppress evidence of his urine sample, arguing that his consent to provide the sample was involuntary or coerced by the arresting officer's reading of the statutory implied consent warnings. We reject that argument without discussion in light of the Supreme Court's decision in *State v. Moore*, 354 Or 493, 318 P3d 1133 (2013), *adh'd to as modified on recons*, 354 Or 835, 322 P3d 486 (2014).

Second, defendant assigns error to a jury instruction on notice and knowledge—an instruction given in relation to the charge of failure to appear on a criminal citation. Defendant argues that the special instruction impermissibly commented on the evidence or directed the jury to make an inference about the requisite culpable mental state. The state disputes defendant's interpretation of the instruction and contends that, in any event, the instructions as a whole did not prejudice defendant. We review for errors of law. *State v. Blanchard*, 165 Or App 127, 130, 995 P2d 1200, *rev den*, 331 Or 429 (2000).

The relevant facts are undisputed. Defendant was arrested and cited for DUII early in the morning on August 15, 2011. An arresting officer issued defendant an Oregon Uniform Citation and Complaint, which notified defendant that he had a court appearance at 8:30 a.m. on September 13, 2011. When defendant did not appear for arraignment on that date, the court issued a warrant for his arrest. Defendant contacted the court on September 15 and learned that he had missed his court date. The arraignment was rescheduled for September 20, but the court date no longer would concern just the DUII charge. The state amended the

information to add a charge of failure to appear on a criminal citation, ORS 133.076.[1]

The charges of DUII and failure to appear were tried together.[2] The jury instruction on the latter offense advised that "a person commits the offense of failure to appear on a criminal citation if they have been served with a citation and knowingly failed to appear as directed." A prior instruction gave a definition of acting "knowingly": "A person acts 'knowingly' or 'with knowledge' if that person acts with an awareness that his or her conduct is of a particular nature or that a particular circumstance exists." *See* ORS 161.085(8) (defining culpable mental state "knowingly"). Over defendant's objection, the court also gave the state's requested special jury instruction, which directed:

> "To establish [defendant] had knowledge of the mandatory [c]ourt appearance, and thereby knowingly failed to appear, the state must prove he received notice of that mandatory appearance."

Defendant objected to the special instruction in pretrial colloquy, by motion in mid-trial, and with an exception after the instructions were given. Defendant objected that it directed the jury that it must infer that defendant had knowledge of his required court appearance based simply on his receipt of a citation. Defendant conceded that the jury could infer that he had knowledge of his required court appearance based on such evidence, but he objected that the instruction directed the jury how particular evidence related to a particular element—that is, the culpable mental state for the offense, "knowingly." The trial court rejected defendant's challenges and explained that use of the term "notice" in the special instruction was not synonymous with "citation," the term used in the statute. The trial court concluded:

---

[1] ORS 133.076(1) provides, in relevant part:

"A person commits the offense of failure to appear on a criminal citation if the person has been served with a criminal citation issued under ORS 133.055 to 133.076 and the person knowingly fails to do any of the following:

"(a) Make an appearance in the manner required by ORS 133.060."

[2] At trial, defendant attempted to testify that he had written the wrong date in his calendar. The state's unspecified objection was sustained. In an offer of proof, defendant testified that he had lost the citation and had mistakenly entered the court date as September 15, 2011, in his smart phone calendar. The exclusion of that testimony has not been assigned as error on appeal.

"[The special jury instruction] does not comment on what evidence is sufficient, only simply that notice must be proved, how and in whatever way, shape or form to establish the [mental state] necessary, as an element of this crime."

Defendant was convicted of both DUII and failure to appear.

On appeal, defendant reiterates his argument that the state's special jury instruction was an impermissible comment on the evidence or told the jury that it must make an inference of knowing noncompliance. The state responds that the instruction merely advised that the state must prove notice, which is a correct statement of the law and a reflection of the element that the defendant must be "served with a citation." Without notice, the state reasons, defendant could not have had knowledge of his court date or could not have knowingly failed to appear. In the state's view, the term "notice" in the instruction did not mean the "citation," and service of the citation did not suffice to prove the offense.

The disagreement lies in what the jury may be told and what must be left to the jury to decide. Under ORCP 59 E, made applicable to criminal cases by ORS 136.330, "[t]he judge shall not instruct with respect to matters of fact, nor comment thereon." From *State v. Hayward*, 327 Or 397, 410-11, 963 P2d 667 (1998), we know that "[a] court impermissibly comments on the evidence when it gives a jury instruction that tells the jury how specific evidence relates to a particular legal issue." To prove that a defendant knowingly failed to appear, the state has "the burden to prove that [the defendant] knew of her obligation to appear on that date." *State v. Carter*, 238 Or App 417, 422, 241 P3d 1205 (2010), *rev den*, 350 Or 130 (2011) (citing *State v. Rogers*, 185 Or App 141, 144, 59 P3d 524 (2002)). To establish a knowing failure, an inference can be made from service of the citation with correct information.[3] *Id.*

---

[3] The special instruction in the case at hand does not arise in the same context as a motion for judgment of acquittal, as in *Carter*, 238 Or App at 422, where an appellate court may recognize that service of the citation would allow a factfinder to make a permissible inference of a knowing failure to appear. Appellate review of such a motion does not involve the strictures on jury instructions found in ORCP 59 E and ORS 136.330.

What a jury may and may not be told about inferences is illustrated with a comparison of cases. In *Blanchard*, 165 Or App at 129, the defendant challenged a jury instruction regarding his refusal to submit to a breath test. The instruction advised the jurors that if they found that the defendant refused the test, they *may consider* his refusal in determining whether he was under the influence of intoxicants and they may give that refusal such weight as they felt appropriate. *Id.* at 129-30. We found the instruction to be neutral because it did not direct the jury "in any way" to draw a particular inference. *Id.* at 131.

In *State v. Maciel-Cortes*, 231 Or App 302, 218 P3d 900 (2009), the defendant was accused of recklessly endangering another person, ORS 163.195, after she was stopped while driving with a blood alcohol content of 0.08 percent. Several passengers were in the car. The defendant challenged a jury instruction directing that "[d]riving under the influence of intoxicants *is, itself,* evidence that a person created a substantial risk of physical injury to passengers." *Id.* at 305 (emphasis added). We found that, because the instruction directed that driving under the influence "is, itself," evidence of a substantial risk of injury, the instruction "suggested to the jury that that was an appropriate inference to be drawn." *Id.* at 309. The instruction was not neutral. By telling the jury *"how* evidence * * * related to a specific legal issue * * * the instruction was an improper comment on the evidence." *Id.* (emphasis in original); *see also State v. Poole*, 175 Or App 258, 263-64, 28 P3d 643 (2001) (instruction improperly told jury that, if it found the victim suffered pain for an hour, it should infer the victim suffered physical injury).

The instruction in this case was unlike the instruction in *Blanchard* that simply told the jurors that they "may consider" a fact and may give the fact "such weight as you feel is appropriate." Instead, this instruction resembles the instruction in *Maciel-Cortes* that told the jury that driving under the influence "is itself" evidence of subjecting passengers to a risk of injury. In this instruction, the word "thereby" is a similar sign of trouble. This instruction directed:

> "To establish [defendant] had knowledge of the mandatory court appearance, *and thereby knowingly failed to appear,*

the state must prove he received notice of that mandatory appearance."

(Emphasis added.) This instruction told the jury that, *by* proving delivery of the citation, the state would establish that defendant *had knowledge* of the mandatory court appearance *and* that he had *"knowingly failed to appear."* The instruction advised that, if the state proved defendant received the citation, then the jury should infer that he knew the date and he knowingly decided not to appear. Like *Maciel-Cortes*, this instruction told the jurors that they *should* make an inference. In effect, proof of service of the citation required the jury to make an inference that substituted for the jury's finding of the required culpable mental state. As an improper comment on evidence, the instruction was error.

The state argues that this instructional error does not require reversal because, considering the instructions as a whole, defendant was not prejudiced. *State v. Pratt*, 316 Or 561, 576, 853 P2d 827, *cert den*, 510 US 969 (1993). In the state's view, the earlier portions of the instructions mitigated any misunderstanding by the jury. The state refers to the description of each element the state needed to prove beyond a reasonable doubt, the statutory definition of "knowingly," and the instruction not to "place any undue emphasis on any particular instruction, but rather view the instructions as a whole." The state's argument fails to recognize that the special instruction did suggest to the jury what evidence was sufficient to prove the element involving the culpable mental state. We do not agree that the instructions as a whole mitigated the directive inference in the state's requested instruction. The error was not harmless.

Conviction for failure to appear reversed and remanded; otherwise affirmed.