580 August 13, 2025 No. 724

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANE LEE DAY,
*Defendant-Appellant.*

Lincoln County Circuit Court
21CR52127; A178464

Amanda R. Benjamin, Judge.

Submitted April 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for, among other crimes, assault in the second degree, ORS 163.175, and assault in the third degree, ORS 163.165. In a single assignment of error, defendant challenges the state's requested jury instruction for the "causation" element of both second- and third-degree assault, arguing that the instruction was an improper comment on the evidence. We conclude that the instruction did not improperly comment on the evidence, and in any event, any error was harmless. Accordingly, we affirm.

Because the parties are familiar with the procedural and factual history, we do not set forth a detailed recitation of the undisputed facts for this nonprecedential memorandum opinion. Defendant was charged with several crimes arising out of an incident where he tailgated two motorcycles in an attempt to communicate with one of the motorcyclists, and the motorcycles ultimately collided with each other, resulting in injuries to three people. On appeal, defendant challenges the second paragraph of the following jury instruction:

"A person's conduct causes a result if it brings about, makes, or [e]ffects by force that result no matter the role of another person and regardless of the other person's reckless participation.

"For example, one person's conduct may occur early in the chain of causation. And depending on the circumstances may be a but-for cause by resulting in a series of forces or events that follow to cause the injury. Each of which is also a link in the causal chain without which the injury would not have resulted."

On appeal, defendant does not appear to dispute that the instruction is a correct statement of the law and notes that it comes directly from *State v. Turnidge (S059155)*, 359 Or 364, 374 P3d 853 (2016), *cert den*, 580 US 1070 (2017). Although defendant does not challenge the first part of the instruction, he asserts that the second paragraph of the instruction—which provides an example to make the abstract idea more concrete—is an improper comment on the evidence and that the court erred in including it. Specifically, defendant

contends that the instruction went too far because it told the jury that "as long as defendant's reckless driving constituted any link in the chain of events that eventually led to the accident, the jury was required to find defendant guilty of assault." (Emphasis omitted.) We disagree with defendant's argument.

We review whether a jury instruction improperly comments on the evidence for legal error. *State v. Newcomer*, 265 Or App 706, 707, 337 P3d 137 (2014). A trial court may not instruct the jury "with respect to matters of fact, nor comment thereon." ORCP 59 E. A court impermissibly comments on the evidence "when it gives a jury instruction that tells the jury how specific evidence relates to a particular legal issue." *State v. Hayward*, 327 Or 397, 410-11, 963 P2d 667 (1998). The court may not instruct the jury to draw an inference against the defendant in a way that "relieve[s] the state of its burden of proving each element of the crime beyond a reasonable doubt." *Id.* at 411.

In this case, we conclude that the instruction does not improperly comment on the evidence. One of the primary issues at trial was whether defendant's vehicle made contact with the motorcycles, thus directly causing the crash. However, even if defendant did not make contact with the motorcycles, the question for the jury would still be whether defendant's earlier conduct of tailgating the motorcycles was a cause of the crash. Although the instruction pointed out one of the important issues in the case, it did not tell the jury what inference it must draw from the facts of the case. *See State v. Blanchard*, 165 Or App 127, 130-31, 995 P2d 1200, *rev den*, 331 Or 429 (2000) (explaining that, although the instruction directed the jury to the issue to which the evidence was relevant, the instruction was "neutral" and did not direct "the jury to draw a particular inference nor preclude[] it from drawing the inference that either the state or defendant wanted").

The instruction here was neutral because it told the jury that, "depending on the circumstances," the jury "may" find that defendant's conduct caused the crash even if it occurred earlier in the chain of events and was not the sole cause. The jury still had to decide whether the crash would have occurred "but for" defendant's conduct.

Moreover, the instruction did not direct the jury to make a particular inference because, if the jury found that defendant did not make contact with the motorcycles, the jury could have still made two different findings. First, the jury could have believed defendant's theory of the case and found that defendant's conduct was not part of the "causal chain" that led to the motorcycles crashing because the motorcyclists' independent actions broke the "link" in the chain of causation. Second, the jury could have believed the state's theory of the case and found that the crash would not have occurred but for defendant's earlier conduct. In short, the trial court did not err in giving the state's requested jury instruction on causation.

Finally, even if the trial court erred in giving the challenged instruction, any error was harmless when put in context of the instructions as a whole and the parties' arguments at trial, which emphasized that the jury had to determine whether defendant's earlier act of tailgating was a "but for" cause of the crash or whether the motorcyclists' conduct, such as speeding off ahead of defendant, broke the link in the causal chain.

Affirmed.