26 November 19, 2025 No. 985

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARIE JOHNSON,
*Defendant-Appellant.*

Washington County Circuit Court
21CR50981; A182536

Brandon M. Thompson, Judge.

Submitted June 24, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Defendant appeals a judgment of conviction for fleeing or attempting to elude a police officer. She raises three assignments of error. She argues that the court erred by (1) failing to instruct the jury on the choice-of-evils defense; (2) giving a jury instruction that implicitly directed the jury to find defendant's belief that the arrest warrant was invalid unreasonable; and (3) imposing attorney fees without sufficient evidence to establish defendant's ability to pay. We reverse and remand on the first assignment of error, which obviates the need to address the second and third assignments. Nevertheless, we address the second assignment because it is likely to arise on remand.

Regarding the first assignment of error, we review a trial court's refusal to provide a requested jury instruction for legal error. *State v. Jackson*, 334 Or App 463, 465, 555 P3d 1279 (2024). "A criminal defendant is entitled to have the jury instructed in accordance with [their] theory of the case if the instruction correctly states the law and there is evidence to support giving it." *State v. McNally*, 361 Or 314, 320, 392 P3d 721 (2017). We review the record in the light most favorable to the party requesting the jury instruction—in this case, defendant. *Jackson*, 334 Or App at 465.

Defendant, a Black woman, arrived at her son's school to pick him up and was still seated in the driver's seat of her parked car when she was approached by two officers. One officer stood next to defendant's door and told her that she had a Texas arrest warrant. Defendant believed that there was a court order resolving the warrant, which she presented to the officers, and despite repeatedly asking to see the warrant, neither officer showed it to her. One of the officers instead stated, "When you go to jail, you'll have a copy," and that "[the warrant]'s at the Washington County Jail." One of the officers also placed spike strips behind her car, though defendant did not see them. When the officers did not believe her, defendant felt frightened, threatened, and scared for her life. She believed the officers lacked the authority to arrest her and feared they would harm her. "[B]ecause [she did not] want to die," defendant closed her car door,

backed up, and drove out of the parking lot. One of the officers followed defendant in his car using lights, sirens, and the public address system. Defendant did not hear or see the officer's car, although she later pulled over for what turned out to be an unrelated police car. At that point, defendant called 9-1-1, asked why the police were after her, and informed the dispatcher that she was "afraid of getting killed."

The trial court must instruct the jury on the choice-of-evils defense under ORS 161.200(1) if there is evidence from which jurors could determine: (1) the defendant's conduct was necessary to avoid a threatened injury; (2) the threatened injury was imminent; and (3) it was reasonable for the defendant to believe that the threatened injury was greater than the potential injury of his illegal actions. *Id*. The defense is not available if it would be inconsistent "with some other provision of law," meaning that a specific value choice was made by the legislature to preclude the defense. ORS 161.200(1); *State v. Phillips*, 317 Or App 169, 175, 503 P3d 1282 (2022) (interpreting ORS 161.200(1)).

The trial court denied defendant's request that it give the choice-of-evils instruction because, in part, it believed the choice-of-evils defense did not apply in the event of a legally valid arrest warrant. *See State v. Clowes*, 310 Or 686, 801 P2d 789 (1990) (choice-of-evils defense unavailable if "inconsistent with some other provision of law" (internal citation omitted)). That reasoning is incorrect; the legislature has not made an explicit or implicit policy choice that a choice-of-evils defense instruction would be inconsistent with an arrest subject to a valid warrant. Nothing in the criminal code addresses the application of defenses like choice of evils to the crime of attempt to elude. Indeed, we have previously applied the choice-of-evils defense in attempt-to-elude cases. *See State v. Matthews*, 30 Or App 1133, 1136, 569 P2d 662 (1977) (concluding that choice-of-evils defense instruction should have been given in attempt-to-elude case); *cf. State v. Oneill*, 256 Or App 537, 545-46, 303 P3d 944, *rev den*, 354 Or 342 (2013) (determining that defendant was not entitled to choice-of-evils instruction in

escape case, not due to a warrant but because defendant's perception of immediate threat was not reasonable).

Viewing the record in the light most favorable to the defendant, there is evidence from which a jury could conclude that she believed that her "conduct was necessary to avoid a threatened injury [and that] the threatened injury was imminent." *See State v. Freih*, 270 Or App 555, 557, 348 P3d 324 (2015) (defendant's conduct is "necessary" if defendant "had no reasonable alternative but to commit the crime * * *"). Defendant believed she had proof that the officers lacked authority to arrest her, but they refused to review her documents. They then refused her request to see the warrant—indeed, they told her that she had to go to jail to see it. She was blocked into her car by the officer's position by her door, and she felt threatened and scared for her life. And, shortly after fleeing, she stopped to call 9-1-1. Overall, defendant feared the officers would harm her if she stayed, which, if believed by the jury, would leave her no reasonable alternative but to flee. *See Jackson*, 334 Or App at 466-67, 470 (concluding defendant's conduct was necessary where defendant's testimony indicated the inciting encounter was aggressive, even where the other participant's testimony did not). And the threat of injury was imminent when she fled. *See Matthews*, 30 Or App at 1136 (defendant was entitled to a choice-of-evils instruction where evidence indicated that defendant sought to avoid imminent assault by a police officer); *cf. Oneill*, 256 Or App at 545 (defendant was not entitled to a choice-of-evils instruction where the only evidence offered to support a choice-of-evils instruction was that defendant's personal history caused her to believe the threatened injury was imminent).

The third element requires that "it was reasonable for the defendant to believe that the threatened injury was greater than the potential injury of [her] illegal actions." *State v. Seamons*, 170 Or App 582, 586, 13 P3d 573 (2000). "[A] defendant's perception of a threat [must] be reasonable as gauged by an objective 'reasonable person' standard, rather than a subjective, defendant-specific standard." *Oneill*, 256 Or App at 545. Evidence previously discussed—defendant's belief that her documents disproved the validity

of the warrant, the officers' disregard of her objections and request to see the warrant, the officers' placement of spike strips behind her car, and one officer's statement that she would have to go to jail before she could see the warrant supports the reasonableness of defendant's belief that the risk of harm to her was greater than the injury of her fleeing. Defendant is also a Black woman and faces a disproportionate risk of police violence. *See* Jeffery Fagan & Alexis D. Campbell, *Race and Reasonableness in Police Killings*, 100 Bos U L Rev 951, 1007-08 (2020) ("Black women are 1.4 times more likely than white women to be killed by police."); *State v. Reyes-Herrera*, 369 Or 54, 60, 500 P3d 1 (2021) (court did "not foreclose" considering defendant's "language, race, and culture in deciding what a 'reasonable person' in defendant's position would believe").

Considering the record in the light most favorable to the defendant, defendant's testimony is sufficient for a juror to determine that a reasonable person would believe that the officers created a threat of imminent physical injury greater than the injury of defendant's offense—driving away (before pulling over and calling 9-1-1). *See Jackson*, 334 Or App at 470 ("[C]onsidering the evidence in the light most favorable to the proponent of the instruction means that we do not attempt to resolve conflicts in the evidence * * *. If the testimony provides evidence to support giving the instruction, that evidence is considered in the analysis."). Because there is evidence to support the elements of a choice-of-evils defense and it is not inconsistent with other provisions of law, the court erred by failing to so instruct the jury. The error is not harmless because it prevented the jury from having a complete understanding of the applicable law and that may have affected the verdict. *Cf. State v. Leckenby*, 200 Or App 684, 690, 117 P3d 273 (2005) (failure to instruct on a lesser-included offense is not a harmless error because "the jury did not have a complete statement of the law that applied to the case" and that may have impacted the outcome).[1]

---

[1] The state argues any error is harmless because evidence supports instruction on the choice-of-evils defense only for the acquitted escape charge and not defendant's attempt-to-elude charge. Because the state repeatedly referred to the same course of conduct as supporting both claims during trial and the jury instructions referred to the escape charge as "part of the same act and transaction" as the attempt-to-elude charge, defendant had no reason to address the

We address defendant's second assignment of error because it is likely to arise on remand. In defendant's second assignment, she argues that the trial court erred by giving a jury instruction that bolstered the state's case by implicitly directing the jury to determine that defendant's belief was unreasonable:

> "The court instructs you that while the defendant may have had a belief that other legal proceedings and documents should have made it so there was not a warrant from Texas, they did not in fact effect the validity of the Texas warrant."

The state first responds that defendant failed to preserve this assignment of error because her objection to the instruction did not put the court or the state on notice that she was objecting to it as a comment on the evidence. However, defendant did object to the instruction at trial, arguing it went to "the knowing element [which is] what the jury gets to decide." That objection put both the court and the state on notice as to the contention that the court improperly commented on a factual determination within the purview of the jury, and therefore sufficiently preserved the issue. *See State v. Weaver*, 367 Or 1, 17-18, 472 P3d 717 (2020) (claim preserved where defendant raised the issue at trial sufficiently to put the court and state on notice even though defendant did not use the direct term for the claim).

Turning to the merits, under ORCP 59E, a court may not instruct the jury "with respect to matters of fact, nor comment thereon." *See* ORS 136.330(1) (making ORCP 59E applicable in criminal actions). We review whether a jury instruction improperly comments on the evidence for legal error. *State v. Newcomer*, 265 Or App 706, 707, 337 P3d 137 (2014).

The jury instruction unnecessarily drew the jury's attention to an undisputed fact, the validity of the warrant, which bolstered the state's argument that defendant's belief

---

conduct separately in the trial court, and the state cannot now argue the charges are based on separate facts. *See State v. Burgess*, 352 Or 499, 507, 287 P3d 1093 (2012) (holding a new factual theory could not be raised on appeal by respondent where appellant had no opportunity or reason to raise the issues during the trial).

in the invalidity of the warrant was unreasonable. The attempt-to-elude charge required the jury to conclude that the defendant "did unlawfully and *knowingly*, while still in the vehicle, flee or attempt to elude a [pursuing] police officer," meaning defendant "act[ed] with an awareness" that she was eluding police. ORS 161.085 (emphasis added). By emphasizing the validity of the warrant, the instruction created an impression that defendant's belief that the warrant was invalid was unreasonable and that she knew the warrant was valid. Because the instruction was both unnecessary and prejudicial to defendant, it was improper. *See State v. Naudain*, 254 Or App 1, 10, 292 P3d 623 (2012), *rev den*, 353 Or 788 (2013) (concluding jury instruction was improper where the court gave an instruction on an undisputed fact that implicitly supported the state's argument such that it prejudiced the defendant).

Reversed and remanded.